UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendant. | Case No. 1:17-cv-193<br><br>**JOINT RULE 26(f) REPORT** |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a telephonic meeting was held on November 4, 2019, at 3:15 P.M., and was attended by: (i) Jonathan Sasser of Ellis & Winters LLP, and Robert Finkel and Sean Zaroogian of Wolf Popper LLP, for Plaintiffs; and (ii) Charles Raynal and Scott Bayzle of Parker Poe Adams & Bernstein LLP, and Heather O'Shea and Aaron Healey of Jones Day for Defendant.

2. **Discovery Plan**. The parties propose to the Court the following discovery plan:

(a) The commencement date of discovery will be December 2, 2019.

(b) Discovery will be needed on issues pertaining to class certification, as well as the merits of the claims and defenses of the parties. Without waiver of any proper objections to

discovery, one or more of the parties believe that discovery will be needed on matters including but not limited to the nature of the contractual relationship (if any) between Plaintiffs and Defendant, including circumstances under which Defendant provided services; Defendant's pricing and price-setting practices, including rates negotiated with third-parties; prices and price-setting practices for similar services offered by other providers; information about patients' understanding of the scope of their financial responsibility for health care services, including Defendant's services not covered by any applicable insurance plan; information about communications between Plaintiffs and Defendant regarding any unpaid amounts for services rendered including the nature, type and substance of those communications.

(c) The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in 26.1 as: **Exceptional**.

Stipulated modifications to the case management track include those specified below:

| Event | Proposed Deadline |
|---|---|
| Rule 26 Initial Disclosures | December 2, 2019 |
| Discovery Opens[1] | December 2, 2019 |
| Plaintiffs to file motion for class certification and serve any expert report(s) on class certification | August 24, 2020[2] |

---

[1] The parties anticipate that there may be some overlap between class-based and merits-based discovery. Defendant maintains that initial discovery should be focused on class-related issues. Plaintiffs agree that initial discovery should be focused on class-related issues, but that distinctions between class and merits discovery are difficult to discern and that formally bifurcating discovery could lead to unproductive disputes. The parties agree to meet and confer to address any disagreement that may arise between the parties concerning the proper scope of discovery prior to seeking intervention of the Court.

[2] In the event Plaintiffs are able to file their motion for class certification prior to August 24, 2019, the Parties agree to meet and confer to determine whether a revised briefing schedule is appropriate.

| | |
|---|---|
| Defendant to file response to motion for class certification and serve any rebuttal expert report(s) on class certification | October 23, 2020 |
| Plaintiffs to file reply in support of class certification and serve any reply expert report(s)[3] | December 7, 2020 |
| Hearing on motion for class certification | TBD |
| Completion of fact discovery | 120 days following decision on class certification |
| Plaintiffs to disclose experts and serve expert reports on the merits | 30 days following completion of fact discovery |
| Defendant to disclose any rebuttal experts and serve expert reports on the merits | 60 days following completion of fact discovery |
| Plaintiffs to serve reply expert reports on the merits, if any | 90 days following completion of merits fact discovery |
| Completion of expert discovery | 60 days following service of last expert report, whether opening, rebuttal, or reply |
| Deadline to file dispositive motions and *Daubert* motions | 30 days following completion of expert discovery |
| Responses to dispositive motions and *Daubert* motions due | 30 days following filing of motion |
| Replies in support of dispositive motions and *Daubert* motions due | 30 days following filing of response |
| Pre-Trial Conference | TBD |
| Trial | TBD |

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

---

[3] Defendant may seek the opportunity to depose Plaintiffs' experts regarding the reply report and may seek leave of Court to file a sur-reply brief in opposition to Plaintiffs' motion for class certification. Plaintiffs reserve the right to oppose any such requests.

3

3. **Mediation**. Mediation should be conducted midway through, or late in, the discovery period, after substantial document discovery and certain preliminary depositions. The parties have not yet selected a mediator. The parties will discuss possible mediators and will notify the Court of their selection by June 15, 2020.

4. **Preliminary Deposition Schedule**. The Parties will meet and confer regarding a schedule for depositions upon the commencement of document discovery and will consult with each other to find dates that are convenient for counsel and witnesses.

5. **Other items**.

(a) The Parties should be allowed until December 2, 2019, to request leave to join additional parties or amend the pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

(b) The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. 636(c), or appointment of a master. The parties do not consent to reference to a Magistrate Judge and consider the appointment of a master to be premature at this time.

(c) The parties' preliminary estimate is that trial of this action is expected to take approximately 10-14 days. A jury trial has been demanded.

(d) The parties believe that discovery in this action will require the production of confidential and proprietary information, as well as medical and personal information protected by, *inter alia*, the Health Insurance Portability and Accountability Act (HIPAA). Consequently, on or before December 2, 2019, the parties shall submit a proposed Consent Protective Order to govern the production of such information. Moreover, the parties recognize that the case will involve certain third-party discovery concerning, *inter alia*, Plaintiffs' medical

information and billing and insurance records and, consequently, HIPAA authorizations and/or similar consents will be needed from Plaintiffs. Plaintiffs will provide Defendant with applicable HIPAA authorizations and/or similar consents for use in connection with such discovery, including any additional documentation reasonably requested from relevant third-party providers. By agreeing to provide HIPAA authorizations or consents, Plaintiffs are not waiving their right to object to discovery on relevancy, or other grounds, under Rule 26 of the Federal Rules of Civil Procedure; nor do Plaintiffs waive their rights to object to overbroad requests for information.

      (e) The parties will follow the general procedure set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding the assertion of claims of privilege or protection after production, and this provision shall be governed by Rule 502(d) of the Federal Rules of Evidence.

      (f) The parties do not yet know the extent to which discovery will involve the production of electronically-stored information ("ESI"). To the extent the production of ESI is responsive to a proper discovery request or appropriately the subject of mandatory disclosure, the parties agree to meet and confer as to terms of an appropriate protocol to govern the production of such information.

DATE: November 14, 2019

| | |
|---|---|
| */s/ Jonathan D. Sasser* | */s/ Charles E. Raynal IV* |
| Jonathan D. Sasser (N.C. Bar No. 10028) | Charles E. Raynal IV (N.C. Bar No. 32310) |
| Cameron Kirby (N.C. Bar No. 53710) | Scott E. Bayzle (N.C. Bar No. 33811) |
| **ELLIS & WINTERS LLP** | **PARKER POE ADAMS & BERNSTEIN LLP** |
| P.O. Box 33550 | PNC Plaza |
| Raleigh, North Carolina 27636 | 301 Fayetteville Street, Suite 1400 |
| Telephone Number: (919) 865-7000 | Raleigh, North Carolina 27601 |
| Facsimile Number: (919) 865-7010 | Telephone Number: (919) 828-0564 |
| jon.sasser@elliswinters.com | charlesraynal@parkerpoe.com |
| cam.kirby@elliswinters.com | scottbayzle@parkerpoe.com |

*Liaison Counsel for Plaintiffs*

Stephen G. Sozio
**JONES DAY**
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone Number: (216) 586-3939
sgsozio@jonesday.com

Robert C. Finkel (admitted *pro hac vice*)
Sean M. Zaroogian (admitted *pro hac vice*)
**WOLF POPPER LLP**
845 Third Avenue, 12th Floor
New York, New York 10022
Telephone Number: (212) 759-4600
Facsimile Number: (212) 486-2093
rfinkel@wolfpopper.com
szaroogian@wolfpopper.com

Heather M. O'Shea
**JONES DAY**
77 West Wacker Drive
Chicago, Illinois 60601-1692
Telephone Number: (312) 782-3939
hoshea@jonesday.com

*Counsel for Plaintiffs*

Aaron M. Healey
**JONES DAY**
250 Vesey Street
New York, New York 10281-1047
Telephone Number: (212) 326-3939
ahealey@jonesday.com

Dustin M. Koenig
**JONES DAY**
325 John H. McConnell Blvd.
Suite 600
Columbus, Ohio 43215-5017
Telephone Number: (614) 469-3939
dkoenig@jonesday.com

*Attorneys for Defendant Laboratory Corporation of America Holdings*