*Anderson, et al.*
*v.*
*Laboratory Corporation of America Holdings*

1:17-cv-193-TDS-JLW – USDC MDNC

# Defendant's Response to Motion to Compel

# **EXHIBIT 6**

SHERYL ANDERSON, MARY CARTER,
TENA DAVIDSON, ROBERT
HUFFSTUTLER, RAMZI KHAZEN,
CHAIM MARCUS, LILY MARTYN,
JONAH MCCAY, HOLDEN SHERIFF,
VICTORIA SMITH, MICHELLE
SULLIVAN, SHONTELLE THOMAS,
JOSEPH WATSON, and MICHAEL
WILSON, individually and on behalf of all
others similarly situated,

               Plaintiffs,

    v.

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

               Defendant.

## LABORATORY CORPORATION OF AMERICA HOLDINGS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Laboratory Corporation of America Holdings ("LabCorp")[1] hereby responds to and/or objects to Plaintiffs' First Set of Requests for the Production of Documents (collectively, the "Discovery Requests") as follows:

## I.   INITIAL STATEMENT

A.    LabCorp has not concluded its discovery, investigation, or analysis of all the facts and/or allegations of this case—including third party/non-party discovery—

---

[1] *See* Section III below.

PPAB 5444247v1.docx

and has not completed preparation for trial. Accordingly, each of the following responses to the Discovery Requests is provided without prejudice to LabCorp's right to introduce at trial any evidence that is subsequently discovered relating to proof of presently-known facts and to produce and introduce all evidence—whenever discovered—related to the proof of subsequently-discovered material facts in this action. LabCorp expressly reserves the right to amend or supplement these responses.

B. As discussed with Plaintiffs' counsel, LabCorp will review and produce documents on a "rolling basis." Consequently, LabCorp may not yet know whether it possesses "Documents or materials ... that are responsive to a particular Request" and, therefore, objects to Instruction 7 of the Discovery Requests, which purports to obligate LabCorp to declare the nonexistence of responsive documents. LabCorp reserves the right to reference, discover or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial responses and objections interposed herein. LabCorp further reserves the right to reference, discover or offer into evidence at the time of trial any and all facts, documents, and things which are not presently recalled but may be recalled at some time in the future.

C. LabCorp assumes that the Discovery Requests do not seek information covered and/or protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine, including, without limitation, documents

developed for, or in anticipation of, litigation, or which constitute the work product of counsel or reflect confidential attorney-client communications, and no such information or documents will be produced. Nonetheless, such information, if any, will be withheld to the extent it is protected against disclosure by such privileges or doctrines. By producing information or documents in response to these Discovery Requests, LabCorp does not waive, intentionally or otherwise, the attorney-client privilege, the work-product protection, or any other privilege protecting the communications, transactions or records from disclosure, and any production of documents or information inconsistent with the foregoing is wholly inadvertent and does not constitute a waiver of any such privilege or protection. Consequently, LabCorp will not produce documents unless and until a valid order under Rule 502(d) of the Federal Rules of Evidence, or similar protection, has been entered.

D.    LabCorp states that a number of the Discovery Requests appear to seek premature production of material. To wit, ¶ 5(f) of the Joint Rule 26(f) Report states:

> The parties do not yet know the extent to which discovery will involve the production of electronically-stored information ("ESI"). To the extent the production of ESI is responsive to a proper discovery request or appropriately the subject of mandatory disclosure, the parties agree to meet and confer as to terms of an appropriate protocol to govern the production of such information.

(Doc. 59.) Instructions 10 through 16 of the Discovery Requests directly implicate this provision of the Joint Rule 26(f) Report; indeed, Instruction 16 of the Discovery Requests purports to obligate the Parties to "meet and confer to disclose and discuss

any proposed use of technologies to reduce the number of Documents to be reviewed or produced." As of the date of these responses, the Parties have not yet agreed on an ESI protocol.

E.     LabCorp states that a number of the the Discovery Requests, including definitions and instructions contained therein, appear to impose obligations on LabCorp beyond those set forth in the Federal Rules of Civil Procedure, the local rules of this Court or any Court order governing discovery, including obligations to create documents that are not already in existence.

F.     LabCorp states that a number of the Discovery Requests appear to seek information that is confidential and/or proprietary to LabCorp, including, without limitation, trade secrets, certain pricing information (e.g., information as to manner in which, and the information considered when, LabCorp determines and/or adjusts its prices), business plans, strategic plans, financial data, sales and marketing strategies, information protected by and/or subject to nondisclosure or confidentiality agreements, and other non-public information of competitive and business sensitivity. Such information, if not otherwise objectionable, will be provided only after entry of an appropriate protective order.

G.     LabCorp states that a number of the Discovery Requests appear to seek information that is subject to and/or protected by the Health Insurance Portability and Accountability Act (HIPAA), or other applicable laws or regulations governing the privacy of personal and health information. Such information, if not otherwise

objectionable, will be provided only after entry of an appropriate and HIPAA qualified protective order and/or all necessary measures have been taken to comply with the above-referenced regulations.

H.     LabCorp states that several of the Discovery Requests propounded as requests for production under Rule 34 of the Federal Rules of Civil Procedure appear to be interrogatories under the scope of under Rule 33 of the Federal Rules of Civil Procedure.  LabCorp objects to such Discovery Requests to the extent that they purport to obligate LabCorp to take any action beyond those set forth in Rule 34 of the Federal Rules of Civil Procedure.

## II.     <u>OBJECTION AND CLARIFICATION AS TO THE TERM "THIRD-PARTY PAYER"</u>

LabCorp objects to Plaintiffs' definition, as set forth in the Discovery Requests, of the term "<u>**Third-Party Payer**</u>."  That term, as defined by Plaintiff, is vague, ambiguous, overly broad, and unworkable.  The Discovery Requests purport to define "Third-Party Payer" as any "Person" (which the Discovery Requests further define to broadly encompass all "natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and *all other entities*"), "other than the patient … responsible for paying LabCorp for lab services performed on behalf of a patient…."  LabCorp does not know—and cannot possibly know—the identity of each such person or entity who may fall within that broad definition.

LabCorp notes, however, that Plaintiffs' definition for "Third-Party Payer" goes on to indicate that it is intended to include "private healthcare insurers, Medicare, or Medicaid." Accordingly, for purposes of the responses below, LabCorp will construe the term "Third-Party Payer," as used in the Discovery Requests, to mean and refer to (i) Medicare, (ii) Medicaid, and (iii) managed care organizations (*i.e.,* private healthcare insurers).

## III.  OBJECTION AND CLARIFICATION AS TO THE TERMS "LABCORP," "YOU," AND "YOUR"

LabCorp objects to the definition of the terms "LabCorp," "You," and "Your"—as defined in the Discovery Requests—as overly broad. The definition purports to encompass not only Defendant Laboratory Corporation of America Holdings but any of its "current and former ... subsidiaries, affiliates ... ," among others. The Discovery Requests do not define, or provide clarification, as to what is intended by the terms "subsidiaries" and "affiliates." Laboratory Corporation of America Holdings notes that it has and/or has had an ownership interest (in whole or in part) in numerous separate and distinct companies. For some of these companies, Laboratory Corporation of America Holdings has and/or has had a minority and/or noncontrolling interest. In addition, some are or were engaged in a business that has nothing whatsoever to do with Plaintiffs' claims (*i.e.,* a business not involved in diagnostic testing). Moreover, among those that are or were involved in diagnostic testing, some operate separately and apart from Laboratory Corporation of America Holdings' laboratory diagnostic testing services business (*i.e.,* maintain(ed) distinct employees,

testing services and processes, pricing, and billing systems). As such the definition is overly broad.

Accordingly, for purposes of the responses below and unless otherwise indicated, the terms "LabCorp," "You," and "Your," as used in the Discovery Requests, will be construed to mean the laboratory diagnostic testing services business of Laboratory Corporation of America Holdings (*excluding* any separate company that does not operate under the laboratory and billing systems of Laboratory Corporation of America Holdings). LabCorp states that it is not responding or producing requested materials on behalf of companies that operate separately and apart from Laboratory Corporation of America Holdings' laboratory diagnostic testing services business (*i.e.*, maintain(ed) distinct employees, testing services and processes, pricing, and billing systems).

## IV. OBJECTION AND CLARIFICATION TO SPECIFIC DEFINITIONS: "COMMUNICATION," "DOCUMENT[S]," AND "POLICIES AND PROCEDURES"

LabCorp objects to the terms "Communication," "Document[s]," and "Policies and Procedures" as they are defined in the "Definition" section of the Discovery Requests. Plaintiffs purport to define "Communication" as "any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally or by document, telephone, mail, fax, email, voicemail, electronic device, text message, instant message, personal delivery, or by any other means, be they analog, electronic, or otherwise." The definition of "Document[s]" is similarly expansive.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 8 of 54

In the context of these Discovery Requests, these purported definitions are overly broad, unduly burdensome, unreasonable in scope, and not proportional to the needs of the case. LabCorp presently has more than *60,000 employees*. During the "Relevant Time Period"—defined in the Discovery Requests to encompass more than nine (9) years—LabCorp formerly employed thousands of additional employees. Accordingly, there would be countless "Communications" and "Documents" relating to the topics at issue in this Action, such as the pricing for hundreds of thousands of tests and test combinations over a 9-year period, billing, collection practices, Plaintiffs' diagnostics tests, diagnostic tests performed for other putative class members, etc.

Furthermore, Plaintiffs purport to define "Policies and Procedures" as "any policy, procedure, manual, code of conduct, guideline, best practice, or other similar instruction." The terms within this definition are themselves vague, ambiguous, and subject to more than one reasonable interpretation. To wit, each of these terms can each be construed to include "Communications" and "Documents" (as Plaintiffs purport to define those terms). As noted above, in the context of these Discovery Requests, these purported definitions are overly broad, unduly burdensome, and unreasonable in scope. LabCorp presently has more than *60,000 employees*. During the "Relevant Time Period"—defined in the Discovery Requests to encompass more than nine (9) years—LabCorp formerly employed thousands of additional employees. Accordingly, there would be countless "Policies and Procedures" relating to the topics

at issue in this Action, such as the pricing for hundreds of thousands of tests and test combinations over a 9-year period, billing, collection practices, Plaintiffs' diagnostics tests, diagnostic tests performed for other putative class members, etc. Furthermore, LabCorp does not know—indeed, *cannot* know—what materials Plaintiffs may subjectively consider to be a "similar instruction." Accordingly, for purposes of the responses below, LabCorp will construe the term "Policies and Procedures," as used in the Discovery Requests, to mean and refer to LabCorp's "Standard Operating Procedures."

## V.  OBJECTION AND CLARIFICATION AS TO THE "RELEVANT TIME PERIOD"

LabCorp objects to the "Relevant Time Period" section in the Discovery Requests. It purports to obligate LabCorp to produce requested materials relating to the time period of January 1, 2011 to the time of production. This time period far exceeds any applicable statute of limitation. Consequently, LabCorp will not produce documents created prior to January 1, 2013.

LabCorp further objects to this section to the extent it purports to impose obligations on LabCorp beyond those set forth in the Federal Rules of Civil Procedure, including, without limitation, the purported obligation to produce any document for which the date of preparation cannot be determined. This objection extends to and includes the purported obligation to produce otherwise nonresponsive documents that are "necessary for a correct or complete understanding of any Document covered by a Request;" LabCorp does not know—indeed, *cannot* know—what documents

Plaintiffs may subjectively consider to be "necessary for a correct or complete understanding of any Document covered by a Request," and cannot, therefore, comply with this purported obligation.

* * * * *

Sections I-V above are incorporated into each of the subsequent responses to the separate requests.

## VI.   REQUESTS FOR PRODUCTION

**1.   Documents sufficient to identify LabCorp's organizational structure, including those divisions and Persons responsible for pricing lab services, negotiating rate schedules, and collecting payment from individual patients.**

RESPONSE TO REQUEST NO. 1:

LabCorp objects to the phrase "pricing lab services" on the grounds that it is vague, ambiguous, and subject to more than one reasonable interpretation. LabCorp performs over a half-billion lab tests and services annually and offers hundreds of thousands of tests and test combinations. LabCorp's approaches to setting and adjusting prices (including the information and factors considered, analyses, evaluations, etc.) vary across the hundreds of thousands of tests and test combinations. Additionally, LabCorp tests may be categorized by test type (*inter alia*, replacement tests, new test technology or procedures, "look-alike test[s]," or single tests *versus* group tests). LabCorp's approaches for determining price varies by test

type. Moreover, pricing varies across different geographic regions of the United States. Depending on the test, LabCorp may maintain different rates across different geographic regions across the country. The prices for the regions change and, indeed, have changed numerous times between 2011 and the present (the "Relevant Time Period" defined in the Discovery Requests). The request fails to identify the type of "lab services" to which it refers and otherwise fails to provide any reasonable limitation. LabCorp similarly objects to the phrases "negotiating rate schedules" and "collecting payment from individual patients" on the grounds that they are vague, ambiguous, and subject to more than one reasonable interpretation.

Moreover, it is not practicable—nor is it possible—for LabCorp to identify (by the production of "Documents") each and every "Person," as that term is defined by Plaintiffs, involved in and/or "responsible" for some facet of the pricing of laboratory services for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period. Any request to LabCorp to produce the volume of documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable, and is not proportional to the needs of the case.

Furthermore, LabCorp objects on the ground that the request seeks information that is confidential and/or proprietary to LabCorp. *See* Section I(F).

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual

PPAB 5444247v1.docx                                   11

agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, documents that identify the organizational structure of LabCorp's pricing and billing departments.

**2.      For each year of the Relevant Time Period, produce LabCorp's patient fee schedules, such as those referred to in LabCorp' s Answer, including Documents, Communications, and Policies and Procedures that are sufficient to demonstrate how LabCorp establishes its patient fee schedule rates.**

RESPONSE TO REQUEST NO. 2:

The request is overly broad, unduly burdensome, unreasonable, and is not proportional to the needs of the case. LabCorp performs over a half-billion tests annually and offers hundreds of thousands of tests and test combinations. LabCorp's approaches to setting and adjusting prices (including the information and factors considered, analyses, evaluations, etc.) vary across the hundreds of thousands of tests and test combinations. Additionally, LabCorp tests may be categorized by test type (*inter alia*, replacement tests, new test technology or procedures, "look-alike test[s]," or single tests *versus* group tests). LabCorp's approaches for determining price varies by test type. Moreover, pricing varies across different geographic regions of the United States. Depending on the test, LabCorp may maintain different rates across different geographic regions across the country. The prices for the regions change

and, indeed, have changed numerous times between 2011 and the present (the "Relevant Time Period" defined in the Discovery Requests). It is not practicable—nor is it possible—for LabCorp to produce each and every of the requested "Documents," "Communications," and "Policies and Procedures," as those terms are defined by Plaintiffs, for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period. *See also* Section IV above.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information (*i.e.,* information as to the manner in which, and the information considered when LabCorp determines and/or adjusts its prices). *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, documents that will identify its patient list price for each test, for each region, and for the following years: 2013, 2014, 2015, 2016, 2017, 2018, and 2019.

3. **Agreements and negotiated rate schedules with Third-Party Payers that provide rates to be paid for lab services performed by LabCorp. Your response to this Request should include Documents and Communications sufficient to identify any formula or other method used to**

calculate payment rates for LabCorp's lab services that LabCorp has agreed to with any Third-Party Payer.

RESPONSE TO REQUEST NO. 3:

LabCorp objects to the term "Third-Party Payers" as defined in the Discovery Requests. *See* Section II above. LabCorp further objects to the assumptions inherent in this request, including the assumption that LabCorp applies a formula to set the rates it charges to Third-Party Payers. LabCorp also objects on the grounds that the request seeks confidential and proprietary information, including information that is protected by and/or subject to nondisclosure and/or confidentiality agreements. *See* Section I(F) above.

Moreover, the request is overly broad, unduly burdensome, unreasonable, and is not proportional to the needs of the case. During *each* year of the "Relevant Time Period," LabCorp has maintained, on average, more than four thousand accounts with managed care organizations, ten thousand hospital accounts, and four hundred thousand accounts with physicians and/or physician groups. In this context, LabCorp performs over a half-billion tests annually and offers hundreds of thousands of tests and test combinations. It is not practicable—nor is it possible—for LabCorp to produce each and every of the requested "Document[s]" and "Communication[s]" (as defined in the Discovery Requests—*see* Section IV above) about its "lab services." LabCorp will not produce documents in response to this request.

4.    Policies and Procedures concerning the process of negotiating rates with Third-Party Payers for lab services performed by LabCorp. Your response to this Request should include Policies and Procedures concerning formulas or other methods used to calculate rates for purposes of negotiating with Third-Party Payers, regardless of whether such calculations are done before, during, or after negotiations.

RESPONSE TO REQUEST NO. 4:

LabCorp objects to the term "Third-Party Payers" as defined in the Discovery Requests. *See* Section II above.

During *each* year of the "Relevant Time Period," LabCorp has maintained, on average, more than four thousand accounts with managed care organizations, ten thousand hospital accounts, and four hundred thousand accounts with physicians and/or physician groups. It is not practicable—nor is it possible—for LabCorp to produce each and every "Policy and Procedure," as that term is defined by Plaintiffs (*see* Section IV above) related to thousands of accounts.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedure or pricing guidelines used by

PPAB 5444247v1.docx                15

LabCorp's Corporate Pricing Department regarding pricing or negotiating rates with managed care organizations.

**5.      Documents, including Policies and Procedures, sufficient to identify amounts accepted by LabCorp from Third-Party Payers in satisfaction of lab services performed by LabCorp in instances where no agreement exists between LabCorp and the Third-Party Payer,** *i.e.,* **there is no negotiated rate schedule, formula, or other method of calculation.**

RESPONSE TO REQUEST NO. 5:

LabCorp objects to the term "Third-Party Payers" as defined in the Discovery Requests.  *See* Section II above.

Moreover, during *each* year of the "Relevant Time Period," LabCorp has maintained, on average, more than four thousand accounts with managed care organizations, ten thousand hospital accounts, and four hundred thousand accounts with physicians and/or physician groups.  It is not practicable—nor is it possible—for LabCorp to produce each and every such "Document" or "Policy and Procedure" (as defined in the Discovery Requests—*see* Section IV above) related to any one or more of these types of accounts.

Additionally, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure.  *See* Section I above.  Subject to and

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 17 of 54

without waiving these objection(s), LabCorp states that it does not maintain such a document in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request.

6.     **Policies and Procedures for determining "negotiated discounted amounts" accepted from patients as payment-in-full for lab services performed by LabCorp.** *See, e.g.,* **Answer ¶ 5.**

RESPONSE TO REQUEST NO. 6:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp further objects to the term "patient" on the grounds that it is vague, ambiguous, and subject to more than one reasonable interpretation given that LabCorp performs over a half-billion tests annually for *millions* of patients. LabCorp encounters patients and/or patient specimen samples in a myriad of circumstances. The request does not provide any reasonable limitations on either the type of test or the circumstances under which LabCorp encounters the patient or patient sample.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual

agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding the discounting of prices.

**7.    Policies and Procedures concerning notice to individual patients in advance of providing lab services as to (i) whether a Third-Party Payer will cover the cost of the lab services, and (ii) the patient fee schedule rates for lab services not covered by a Third-Party Payer, including all Policies and Procedures with respect to Advanced Beneficiary Notices.**

RESPONSE TO REQUEST NO. 7:

LabCorp objects to the term "Third-Party Payer" as defined in the Discovery Requests.  *See* Section II above.

LabCorp further objects to the term "lab services" on the ground that it is vague, ambiguous, and subject to more than one reasonable interpretation.  LabCorp performs over a half-billion tests annually, and offers hundreds of thousands of tests and test combinations.  It is not practicable—nor is it possible—for LabCorp to produce each and every requested Policy and Procedure, as that term is defined by Plaintiffs (*see* Section IV above), for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period.  Consequently, the request is overly broad, unduly burdensome and unreasonable.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

8. **Policies and Procedures for entering into agreements with, or obtaining the acknowledgment of any obligation by, an individual patient concerning payment for LabCorp's lab services prior to the performance of services.**

RESPONSE TO REQUEST NO. 8:

LabCorp objects to the term "lab services" on the ground that it is vague, ambiguous, and subject to more than one reasonable interpretation. LabCorp performs over a half-billion tests annually and offers hundreds of thousands of tests and test combinations. It is not practicable—nor is it possible—for LabCorp to produce each and every requested "Policy and Procedure," as that terms is defined by Plaintiffs (*see* Section IV above), for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States

and over a nine-year period. Consequently, the request is overly broad, unduly burdensome, and unreasonable.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

9. **Documents sufficient to identify all forms of agreement, acknowledgements of obligation, or other similar forms concerning payment for LabCorp's lab services that are provided to individual patients prior to the performance of services.**

RESPONSE TO REQUEST NO. 9:

LabCorp objects to this request to the extent it requests documents that may contain Personal Health Information (as that term is defined by the Health Insurance Portability and Accountability Act) of persons who are not currently parties to this Action. *See* Section I(G) above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Moreover, it is not practicable—nor is it possible—for LabCorp to produce each and every requested "Document," as that term is defined by Plaintiffs (*see* Section IV above), for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period. As stated in LabCorp's response to Plaintiffs' Interrogatory No. 10, which LabCorp herein incorporates by reference, LabCorp encounters patients and/or receives orders to test patient specimen samples in a myriad of circumstances. Any request to LabCorp to produce the volume of documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable, and is not proportional to the needs of the case. LabCorp will not produce documents in response to this request.

**10.    All Documents You may rely upon or have relied upon in support of the claims in Your Answer that "notice in advance" to patients "may be impractical." *See, e.g.,* Answer ¶¶ 7, 12, 69, 116, 128, 186, and 230.**

RESPONSE TO REQUEST NO. 10:

For the reasons stated in LabCorp's previous responses, it objects to the term "lab services" on the ground that it is vague, ambiguous, and subject to more than one reasonable interpretation.

Moreover, as stated in LabCorp's response to Plaintiffs' Interrogatory No. 12, LabCorp encounters patients and/or receives orders to test patient specimen samples in a myriad of circumstances. In some of these circumstances, LabCorp may have

had the opportunity to provide certain patients with notice in advance regarding pricing and the patient's responsibility to pay. However, in other circumstances—depending on factors such as the test type, characteristics of the specimen sample at issue, the healthcare provider, the specimen collection technique involved, the patient at issue, the urgency of the test, the insurance information provided to LabCorp and the timing and manner in which it was provided, and the accuracy or inaccuracy of any insurance information provided to LabCorp, among other factors—such advance notification would be impractical.

LabCorp performs over a half-billion tests annually, and offers hundreds of thousands of tests and test combinations. It is not practicable—nor is it possible—for LabCorp to produce each and every requested "Document," as that term is defined by Plaintiffs (*see* Section IV above), for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period. Any request to LabCorp to produce the volume of documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable, and is not proportional to the needs of the case. LabCorp will not produce documents in response to this request.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 23 of 54

11. **Documents sufficient to identify the amounts LabCorp charges and accepts for lab services performed in relation to Pixel by LabCorp.**

RESPONSE TO REQUEST NO. 11:

LabCorp objects to this request on the grounds that it is overly broad and seeks information that is neither relevant to Plaintiffs' claims nor reasonably calculated to lead to the discovery of relevant and/or admissible evidence. None of the Plaintiffs allege that they have had a Pixel test or that they have had any interactions with the Pixel program. Indeed, "Pixel by LabCorp™" was launched *after* the filing of this lawsuit and *after* the filing of Plaintiffs' Amended Complaint. Moreover, from the time Pixel was launched (in or around November 2018) until late 2019, the Pixel program exclusively involved home sample self-collection kits—which are not at issue in this case and which have nothing to do with Plaintiffs' claims.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, documents to identify the rates LabCorp charges for lab services performed in relation to "Pixel by LabCorp™."

12. **For each applicable year of the Relevant Time Period, Documents sufficient to identify the amount of revenue LabCorp received for lab services performed in relation to Pixel by LabCorp. For purposes of**

**this Request, revenue refers only to revenue received by LabCorp in relation to the performance of lab services and excludes all other sources of revenue.**

RESPONSE TO REQUEST NO. 12:

LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. LabCorp further objects to this request on the grounds that it is overly broad and seeks information that is neither relevant to Plaintiffs' claims nor reasonably calculated to lead to the discovery of relevant and/or admissible evidence. None of the Plaintiffs allege that they have had a Pixel test or that they have had any interactions with the Pixel program. Indeed, "Pixel by LabCorp™" was launched *after* the filing of this lawsuit and *after* the filing of Plaintiffs' Amended Complaint. Moreover, from the time Pixel was launched (in or around November 2018) until late 2019, the Pixel program exclusively involved home sample self-collection kits—which are not at issue in this case and which have nothing to do with Plaintiffs' claims.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced

in Section I, documents to identify the amount of revenue generated in relation to Pixel.

**13.   Documents   and   Communications   sufficient   to   identify agreements, commitments, undertakings, engagements, or incentives between (a) LabCorp and (b) physicians or other healthcare providers who request lab services from LabCorp on behalf of patients.**

RESPONSE TO REQUEST NO. 13:

LabCorp objects on the grounds that the request seeks confidential and proprietary information, including information that is protected by and/or subject to nondisclosure and/or confidentiality agreements. *See* Section I(F) above.

Moreover, during *each* year of the "Relevant Time Period," LabCorp has maintained, on average, more than *four hundred thousand* accounts with physicians and/or physician groups and more than *ten thousand* hospital accounts. These accounts vary significantly—in terms of the tests offered and the prices charged—depending on, *inter alia*, the nature of the account, volume of services at issue, types of tests at issue, and other individualized and/or negotiated differences. It is not practicable—nor is it possible—for LabCorp to produce each and every "Document" and "Communication," as those terms are defined by Plaintiffs (*see* Section IV above), related to these accounts. Any request to LabCorp to produce the volume of

documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable, and is not proportional to the needs of the case.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, documents to identify its standard "customer" or "client" rates (*i.e.,* rates to healthcare provider customers and/or clients) for each geographic region, and for the following years: 2013, 2014, 2015, 2016, 2017, 2018, and 2019. As noted above, however, many health care providers—depending on the circumstances and other negotiated agreements—do not pay these rates.

**14.     Policies and Procedures concerning LabCorp's marketing and business development practices for generating business from physicians and other healthcare providers who request lab services on behalf of individual patients.**

RESPONSE TO REQUEST NO. 14:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp further objects to the assumptions inherent in this request, including the assumption that the business relationships between LabCorp and physicians or other healthcare providers proceeds in accordance with formulaic or predetermined guidelines.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

**15.    Policies and Procedures concerning LabCorp's provision of its patient fee schedules to physicians, other healthcare providers, individual patients, or other Persons that are not LabCorp employees.**

RESPONSE TO REQUEST NO. 15:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

16. Documents sufficient to demonstrate LabCorp's compliance with New Jersey law or other similar laws requiring that LabCorp "annually provide a health care provider with a list of its schedule of fees and charges for laboratory services rendered to the health care provider's patients." *See, e.g.,* N.J. Stat. Ann.§ 45:9--42.41b.

RESPONSE TO REQUEST NO. 16:

LabCorp objects to this request on the grounds that it is overly broad. LabCorp's compliance with N.J. Stat. Ann.§ 45:9--42.41b is not at issue in this case.

LabCorp further objects because the request is vague, ambiguous, and is a "fishing-expedition-style" discovery request. It appears that Plaintiffs may be seeking all correspondence between LabCorp and all health care providers in the State of New Jersey (and in other states) on an "annual" basis to assess compliance with the referenced statute, as well as "other similar laws." If that is the case, the request is unduly burdensome. LabCorp will not produce documents in response to this request.

17. All Documents, including Communications and Policies and Procedures, concerning the assertion in Your Answer that patients "assented to receive services at LabCorp's patient fee schedule rates." *See,*

*e.g.,* Answer ¶¶ 7, 12, 69, 116, 128, 186, and 230.

RESPONSE TO REQUEST NO. 17:

LabCorp objects to this request to the extent it requests documents that may contain Personal Health Information (as that term is defined by the Health Insurance Portability and Accountability Act) of persons who are not currently parties to this Action. *See* Section I(G) above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

As stated in LabCorp's response to Plaintiffs' Interrogatory No. 10, which LabCorp herein incorporates by reference, LabCorp encounters patients and/or receives orders to test patient specimen samples in a myriad of circumstances. Under these different circumstances, LabCorp performs over a half-billion tests annually for millions of patients. It is not practicable—nor is it possible—for LabCorp to produce each and every "Document," "Communication," and "Policy and Procedure" (as defined in the Discovery Requests—*see* Section IV above) concerning the manner in which a given patient assents to receive services by LabCorp and/or to receive services at LabCorp's patient fee schedule rates. Any request to LabCorp to produce the volume of documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable, and is not proportional to the needs of the case. LabCorp will not produce documents in response to this request.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 30 of 54

18.  All Documents and Communications identifying rates (or a formula or other method to calculate rates) charged and accepted by other lab service providers for the same or similar lab services provided by LabCorp (*e.g.*, services billed under the same CPT Codes or HCPCS Codes). Your response to this Request should include the rates charged and accepted by lab service providers acquired by LabCorp prior to the acquisition.

RESPONSE TO REQUEST NO. 18:

LabCorp objects to this request on the grounds that it is vague, ambiguous, and subject to more than one reasonable interpretation. As addressed in LabCorp's response to Plaintiff's Interrogatory No. 6, LabCorp attempts to collect information regarding testing services offered by its competitors when setting or adjusting prices for its testing services. There is no formulaic or predetermined process for setting or adjusting prices across the hundreds of thousands of tests and test combinations that it offers throughout the country. It is not practicable—nor is it possible—for LabCorp to search for competitor pricing information within the records it maintains for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period. Any request to LabCorp to produce the volume of documents requested is, therefore, patently overly broad, unduly burdensome, and unreasonable.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information, including LabCorp's process of seeking business intelligence on competitors and the results of the same. *See* Section I(F) above. LabCorp will not produce documents in response to this request.

**19.    Documents, including Policies and Procedures, sufficient to identify rates LabCorp accepts from physicians, other healthcare providers, individual patients, or other Persons that are not LabCorp employees as payment for any LabCorp lab service, provided payment is made in advance of the provision of services.**

RESPONSE TO REQUEST NO. 19:

LabCorp objects to the assumptions inherent in this request, including the assumption that there is some formulaic or predetermined manner in which "rates" are determined or "accepted" across each one of the hundreds of thousands of tests and test combinations offered by LabCorp when "payment is made in advance of the provision of services." LabCorp further objects on the grounds that the request is vague, ambiguous, overly broad, and unduly burdensome. As noted previously, LabCorp has hundreds of thousands of tests and test combinations—tests of varying type, methodologies, etc. LabCorp's approaches to setting and adjusting prices (including situations in which prices may differ upon prepayment) vary across the tests, the patient background, and the healthcare provider at issue. It is not

practicable—nor is it possible—for LabCorp to produce a "document" or "documents" (*see* Section IV above) sufficient to adequately and meaningfully "identify" these circumstances. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures used by LabCorp's Corporate Pricing Department. Moreover, to the extent Plaintiffs are attempting to refer to the Pixel program *via* this request, LabCorp incorporates it response to Request No. 11 herein.

**20.     Documents, including Policies and Procedures, sufficient to identify how LabCorp calculates UCR Rates for its lab services, including any formula or other method of calculation.**

RESPONSE TO REQUEST NO. 20:

LabCorp objects on the grounds that the request seeks confidential and proprietary information (*i.e.,* information as to the manner in which—and the information considered when—LabCorp determines and/or adjusts its prices). *See* Section I(F) above.

LabCorp objects on the ground that the request is overly broad, unduly burdensome, and unreasonable. LabCorp performs over a half-billion tests annually, and offers hundreds of thousands of tests and test combinations. LabCorp's approaches to setting and adjusting prices (including the information and factors considered, analyses, evaluations, etc.) vary across the hundreds of thousands of tests and test combinations. Additionally, LabCorp tests may be categorized by test type (*inter alia*, replacement tests, new test technology or procedures, "look-alike test[s]," or single tests *versus* group tests). LabCorp's approaches for determining price varies by test type. Moreover, pricing varies across different geographic regions of the United States. Depending on the test, LabCorp may maintain different rates across different geographic regions across the country. The prices for the regions change and, indeed, have changed numerous times between 2011 and the present (the "Relevant Time Period" defined in the Discovery Requests). It is not practicable—nor is it possible—for LabCorp to produce each and every "Document" (*see* Section IV above) concerning each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 34 of 54

in Section I, any Standard Operating Procedures used by LabCorp's Corporate Pricing Department.

21. **Documents sufficient to identify how other Persons calculate UCR Rates for LabCorp's lab services, including any formula or other method of calculation (for example, where a Third-Party Payer submits payment to LabCorp based on what they have determined the UCR Rate to be).**

RESPONSE TO REQUEST NO. 21:

LabCorp objects on the grounds that this request is vague, ambiguous, and nonsensical. LabCorp cannot determine whether it possesses any documents responsive to this request as LabCorp cannot determine what documents Plaintiffs have requested.

LabCorp also objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. LabCorp will not produce documents in response to this request.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 35 of 54

**22.    Documents collected for and submitted to CMS to comply with federal regulations concerning the Clinical Laboratory Fee Schedule.**

RESPONSE TO REQUEST NO. 22:

LabCorp objects to this request on the grounds that it is overbroad, unduly burdensome, and is nothing more than an impermissible "fishing-expedition-style" discovery request.

LabCorp further objects on the grounds that this request is vague and ambiguous. The term "Clinical Laboratory Fee Schedule" is undefined. LabCorp has submitted numerous categories of document for various parties to different divisions of "CMS" that pertain to diagnostic tests, including the hundreds of thousands of tests and test combinations offered by LabCorp. This request does not provide any reasonable limitation on scope, time, or subject matter.

Moreover, LabCorp also objects to the extent the request seeks confidential and proprietary information. *See* Section I(F) above. LabCorp will not produce documents in response to this request.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 36 of 54

23.     Documents collected and submitted to state regulators to comply with state law concerning the calculation of Medicaid rates or any other state-specific fee schedule for clinical lab services.

RESPONSE TO REQUEST NO. 23:

LabCorp objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and is nothing more than an impermissible "fishing-expedition-style" discovery request. This request purports to require LabCorp to search, review, and produce documents (i) about vague concepts such as "state-specific fee schedule[s]" and "Medicaid rates," (ii) that were submitted to regulators to the various states *across the country,* and (iii) that were submitted over the last decade. Moreover, LabCorp objects to the extent the request seeks confidential and proprietary information. *See* Section I(F) above. LabCorp will not produce documents in response to this request.

24.     For each year of the Relevant Time Period, Documents sufficient to identify the number of times You performed a lab testing service for each CPT Code and HCPCS Code (based on the applicable code under which the service was ultimately billed), *and* where LabCorp

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 37 of 54

determined, either before or after performance, that the individual patient owed the patient fee schedule rate for that lab testing service.

RESPONSE TO REQUEST NO. 24:

LabCorp objects to this request on the grounds it is vague, ambiguous, and confusing. A single "lab testing service" or "lab test" may involve *numerous* CPT and/or HCPCS codes.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Furthermore, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. Subject to and without waiving the foregoing objection(s), LabCorp states that it does not maintain such a document(s) in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request..

25. For each year of the Relevant Time Period, Documents sufficient to identify the aggregate amounts for each CPT Code and HCPCS Code that You (a) charged individual patients, and (b) received from individual patients for lab testing services performed where LabCorp

determined, either before or after performance, that the individual patient owed the patient fee schedule rate for that lab testing service.

RESPONSE TO REQUEST NO. 25:

LabCorp objects to this request on the grounds it is vague, ambiguous, and confusing. A single "lab testing service" or "lab test" may involve *numerous* CPT and/or HCPCS codes.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Furthermore, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. Subject to and without waiving the foregoing objection(s), LabCorp states that it does not maintain such a document(s) in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request..

26. Documents sufficient to identify the collection rate on accounts receivable from individual patients for lab services where LabCorp

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 39 of 54

determined, either before or after performance, that the individual patient owed the patient fee schedule rate for lab services.

RESPONSE TO REQUEST NO. 26:

LabCorp objects to the term "accounts receivable" on the grounds that it is vague, ambiguous, and subject to more than one reasonable interpretation.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Furthermore, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. Subject to and without waiving the foregoing objection(s), LabCorp states that it does not maintain such a document(s) in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request..

27. **Documents sufficient to identify the incremental cost of colleting (sic) payments from individual patients who were billed a patient fee schedule rate for any or all lab testing services performed by LabCorp**

after LabCorp determined, either before or after performance, that the individual patient owed the patient fee schedule rate for any lab service.

RESPONSE TO REQUEST NO. 27:

LabCorp objects to this request on the ground that it is nonsensical. LabCorp does not understand what documents are being requested and, thus, cannot determine whether it possesses any responsive documents. LabCorp further objects to the specific term "incremental cost" on the grounds that it is undefined, vague, ambiguous, and subject to more than one reasonable interpretation.

Moreover, LabCorp objects on the grounds that the request appears to seek confidential and proprietary information. *See* Section I(F) above.

Furthermore, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. Subject to and without waiving the foregoing objection(s), LabCorp states that it does not maintain such a document(s) in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request..

28.   For each year of the Relevant Time Period, Documents sufficient to identify the top 100 Third-Party Payers by revenue and number

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 41 of 54

of individual lab testing services covered, including the aggregate amount of revenue received from each of those Third-Party Payers.

RESPONSE TO REQUEST NO. 28:

LabCorp objects to the term "Third-Party Payer" as defined in the Discovery Requests. *See* Section II above.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Furthermore, LabCorp objects to this request on the ground that it appears to be an interrogatory improperly propounded as a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Section I above. Subject to and without waiving the foregoing objection(s), LabCorp states that it does not maintain such a document(s) in the regular and/or ordinary course of its business and, therefore, does not possess documents responsive to this request..

29. **Policies and Procedures concerning variations in rates based upon geographic area. Your response to this Request should include Policies and Procedures concerning variations in patient fee schedule rates and rates negotiated with Third-Party Payers to account for geographic area, including any input or adjustment made to any formula or other**

**method for calculating rates, whether internal to LabCorp or by agreement with a Third-Party Payer.**

RESPONSE TO REQUEST NO. 29:

LabCorp objects to the term "Third-Party Payers" as defined in the Discovery Requests. *See* Section II above.

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp further objects to this request on the grounds that it is overly broad and unduly burdensome as it requests LabCorp to produce Policies and Procedures, as Plaintiffs define that term, for each of its hundreds of thousands of tests and test combinations, and to do so for the various geographic regions of the United States and over a nine-year period.

LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, documents showing the patient fee schedule rates for the six geographic regions within which LabCorp provides testing services for the following years: 2013, 2014, 2015, 2016, 2017, 2018, and 2019.

Case 1:17-cv-00193-TDS-JLW   Document 78-7   Filed 05/12/21   Page 43 of 54

30.     **Documents sufficient to identify the incremental cost associated with performing individual lab tests, as well as Documents sufficient to identify the fixed costs associated with performing lab tests generally.**

RESPONSE TO REQUEST NO. 30:

LabCorp objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Moreover, this request is overly broad, unduly burdensome, and unreasonable. LabCorp offers hundreds of thousands of tests and test combinations. The manner in which these tests are performed and the "costs" to perform them vary across the hundreds of thousands of tests and test combinations—which include tests of differing types and methodologies and tests that are performed in different locations across the United States. This requests fails to identify any particular test or provide any reasonable limitation on scope.

LabCorp further objects to the phrases "incremental cost" and "fixed costs associated with performing lab tests generally" on the grounds that they are undefined, vague, ambiguous, and subject to more than one reasonable interpretation. This request, as written, is nonsensical. LabCorp cannot determine whether it possesses any documents responsive to this request as LabCorp cannot determine what documents Plaintiffs have requested. LabCorp will not produce documents in response to this request.

31. **All Documents related to any governmental or regulatory investigations, lawsuits, fact-finding initiatives, or legislation concerning LabCorp's billing practices.**

RESPONSE TO REQUEST NO. 31:

LabCorp objects to this request on the grounds that it is overbroad, unduly burdensome, and vague, and is nothing more than an impermissible "fishing-expedition-style" discovery request.

LabCorp further objects to the terms "fact-finding initiatives," "investigations," and "legislation" as vague and ambiguous. LabCorp will not produce documents in response to this request.

32. **Policies and Procedures concerning LabCorp's practice of filing and adjudicating claims with Third-Party Payers regarding individual patients.**

RESPONSE TO REQUEST NO. 32:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp objects to the term "Third-Party Payers" as defined in the Discovery Requests. *See* Section II above. LabCorp further objects on the ground that the request inaccurately characterizes LabCorp's role and/or relationship with managed care organizations. LabCorp also objects on the

grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

**33.    Policies and Procedures concerning letters sent by LabCorp, LCA Collections, or any debt collector to individual patients regarding outstanding amounts due or owed for any LabCorp lab service.**

RESPONSE TO REQUEST NO. 33:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

34. **Policies and Procedures concerning the filing of lawsuits against individual patients for failure to pay any outstanding amount due or owed for any LabCorp lab service.**

RESPONSE TO REQUEST NO. 34:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

35. **Documents sufficient to identify any lawsuits filed against individual patients for failure to pay any outstanding amount due or owed for any LabCorp lab service, including all substantive documents generated by those lawsuits.**

RESPONSE TO REQUEST NO. 35:

LabCorp objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and an impermissible "fishing-expedition-style" discovery request.

PPAB 5444247v1.docx

46

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, and upon entry of those orders referenced in Section I, a document that identifies such lawsuits filed by LabCorp from 2015-2019, if any exist.

**36. Policies and Procedures for reporting to credit reporting agencies patients who have failed to pay any outstanding amount due or owed for any LabCorp lab service.**

RESPONSE TO REQUEST NO. 36:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

**37. Policies and Procedures for referring or selling patient accounts to third-party collection agencies or other debt collecting Persons, including Policies and Procedures for settling patient accounts prior to any**

referral or sale to a third-party collection agency or other debt collecting Person.

RESPONSE TO REQUEST NO. 37:

LabCorp objects to the term "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, any Standard Operating Procedures regarding matters set forth in the Request.

**38.    Documents sufficient to identify any changes or amendments made to any of the Policies and Procedures sought in any of these Requests in response to this Action, or after this Action was originally filed.**

RESPONSE TO REQUEST NO. 38:

LabCorp objects to the terms "Document[s]" and "Policies and Procedures" as defined in the Discovery Requests. *See* Section IV above. LabCorp also objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, prior versions of the above-referenced Standard Operating Procedures dating back to 2013, to the extent any exist.

**39.    All Documents that you may rely upon or have relied upon, or otherwise support or contradict, any of LabCorp' s First through Thirty-Sixth Defenses in Your Answer, including Documents concerning LabCorp's claim that Plaintiffs had an actual agreement with LabCorp (Thirty-Fifth Defense).**

RESPONSE TO REQUEST NO. 39:

LabCorp objects to this Request because it purports to seek information protected by the attorney work-product doctrine, attorney-client privilege, and/or similar protection.

LabCorp further objects to this request on the grounds that—at least at this stage of the litigation—it has not concluded its discovery, investigation, or analysis of all the facts and/or allegations of this case—including third party/non-party discovery—and has not completed preparation for trial. *See* LabCorp's Answer to Plaintiffs' Interrogatory Nos. 10 & 11. LabCorp will not produce documents in response to this request.

40.     All Documents relied on or that formed the basis for any claim made in Your Answer.

RESPONSE TO REQUEST NO. 40:

LabCorp objects to this request on the ground that it did not assert an affirmative claim (or "counterclaim") in its Answer. To the extent this request asks for documents regarding any allegation, assertion, or defense in LabCorp's Answer, then LabCorp objects on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. LabCorp's Answer responds to the *555* separately-numbered paragraphs of Plaintiffs' Complaint (most of which contain several allegations), which was over 200 pages. The request fails to identify any "claim" in particular or to provide any reasonable limitation. LabCorp will not produce documents in response to this request.

41.     All Documents and Communications concerning Plaintiffs, including all recordings of telephone calls with any Plaintiff. This Request does not include attorney work product.

RESPONSE TO REQUEST NO. 41:

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced

in Section I, any non-privileged responsive documents. *LabCorp will require a signed authorization from non-party Aryeh Marcus, who appears to now be over the age of majority, before producing records pertaining to him. Further, LabCorp will require a signed authorization from Chaim Marcus, as guardian, for the records pertaining to non-party Yosef Marcus, a minor, before producing the records pertaining to him.*

42. **Documents sufficient to describe Your Document retention or destruction policy, including any Document retention or destruction policy concerning ESL Your response to this Request should include any changes made to Your Document retention or destruction policies during the Relevant Time Period.**

RESPONSE TO REQUEST NO. 42:

LabCorp objects on the grounds that the request seeks confidential and proprietary information. *See* Section I(F) above.

Subject to and without waiving the foregoing objection(s), LabCorp states that it will produce, from a reasonable review of corporate documents, upon mutual agreement on the terms of an ESI protocol, and upon entry of those orders referenced in Section I, its Record Retention Policies.

The 28th day of February, 2020.

Charles E. Raynal IV
N.C. Bar No. 32310
Scott E. Bayzle
N.C. Bar No. 33811
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, NC  27601
Phone:  919-828-0564
Fax:  919-834-4564
charlesraynal@parkerpoe.com
scottbayzle@parkerpoe.com

Heather M. O'Shea
JONES DAY
77 West Wacker Drive
Chicago, Illinois  60601-1692
Phone: (312) 782-3939
Email: hoshea@jonesday.com

Stephen G. Sozio
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Phone: (216) 586-3939
Email: sgsozio@jonesday.com

Aaron M. Healey
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Office (212) 326-3811
Email:      ahealey@jonesday.com

*Attorneys for Defendant Laboratory
Corporation of America Holdings*

PPAB 5444247v1.docx                    52

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was served on all counsel of record via e-mail and U.S. Mail addressed as follows:

> Jonathan D. Sasser
> Cameron Kirby
> Ellis & Winters LLP
> P.O. Box 33550
> Raleigh, North Carolina 27636
> jon.sasser@elliswinters.com
> cam.kirby@elliswinters.com

> Robert C. Finkel
> Sean M. Zaroogian
> Wolf Popper LLP
> 845 Third Avenue
> New York, New York 10022
> rfinkel@wolfpopper.com
> szaroogian@wolfpopper.com

The 28ᵗʰ day of February, 2020.

Scott E. Bayzle
N.C. Bar No. 33811
scottbayzle@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Phone: 919-828-0564
Fax: 919-834-4564
*Attorneys for Defendant Laboratory*
*Corporation of America Holdings*