IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>    Defendant. | Case No. 1:17-cv-193-TDS-JLW |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION
FOR PARTIAL RECONSIDERATION OF THE
JUNE 28, 2021 ORDER ON PLAINTIFFS'
MOTION TO COMPEL**

Plaintiffs Sheryl Anderson, *et al.*, respectfully move for partial reconsideration of the Court's June 28, 2021 Order ("Order," Docket Entry 83) granting in part and denying in part Plaintiffs' motion to compel production of data submitted by Defendant Laboratory Corporation of America Holdings ("Labcorp") to the Center for Medicare & Medicaid Services ("CMS"). The ground for reconsideration is that the Order suggests,

1

perhaps inadvertently, a narrowed class definition in a manner that is unsupported by the record and in conflict with a prior order of the District Court.

## ARGUMENT

### I. THE COURT SHOULD RECONSIDER ITS RULING ON PRODUCTION OF PAMA DATA.

Plaintiffs' Amended Complaint asserts claims on behalf of a class defined as "all LabCorp patients in the United States who, without any express contract with LabCorp that establishes the amount of fees to be paid to LabCorp, were charged fees for clinical lab testing services performed by LabCorp that were in excess of the reasonable market rates for the same services (the "Class")." Am. Compl. ¶¶ 2 & 449, Docket Entry 42.

Plaintiffs moved to compel production of documents collected, compiled, and submitted to CMS under the Protecting Access to Medicare Act ("PAMA"), 42 U.S.C. § 1305 *et seq.* Order at 9, Docket Entry 83.[1] The Court ruled that the data contained in these documents are "relevant to establishing a reasonable price for LabCorp's services" and must be produced. *Id.* at 9-10.

However, the Court allowed Labcorp to "redact from the [PAMA] filing pricing information that relates to types of laboratory tests not received by any currently named Plaintiff." *Id.* at 11. The Court stated that it "agrees with Defendant that pricing information for types of medical laboratory tests that were not conducted for any Plaintiff are not relevant to this case." *Id.* at 10.

---

[1] These documents are sought pursuant to Request for Production 22, the scope of which was narrowed by Plaintiffs. Order at 8-9, Docket Entry 83.

Reconsideration is warranted because the Order may have, in the context of a discovery motion, inadvertently narrowed the class definition to people who have received the same specific lab tests Plaintiffs received. This class action is being prosecuted on behalf of *all* Labcorp patients who were charged excessive fees. Am. Comp. ¶¶ 2 & 449, Docket Entry 42. In fact, as discussed below, Chief Judge Schroeder, in an earlier Memorandum Opinion and Order ("Opinion," Docket Entry 55), denied Labcorp's motion to strike the class action allegations and left in place the class definition in the Amended Complaint. Plaintiffs are concerned that without reconsideration and clarification, this Court's June 28, 2021 Order could be read as prematurely narrowing the class definition—before Plaintiffs have filed their motion for class certification— to people who have received the same specific tests as the named Plaintiffs, which would conflict with decided case law and Chief Judge Schroeder's earlier Opinion.

Accordingly, Plaintiffs respectfully request that this Court amend its June 28, 2021 Order, not limit the class to those people receiving the same lab tests as Plaintiffs, and require Labcorp to produce in unredacted form its submission to CMS pursuant to PAMA.

### A. The Standard For Reconsideration.

Under Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

rights and liabilities." "Reconsideration of an interlocutory order is 'not subject to the strict standards applicable to motions for reconsideration of a final judgment,' but such reconsideration is instead 'within the plenary powers of the Court and can be made as justice requires.'" *Louers v. v. Lacy*, No. JKS-10-2292, 2012 WL 1067876, at *1 (D. Md. March 28, 2012) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003)); *accord Gunter v. So. Health Partners, Inc.*, 1:16CV262, 2021 WL 2377130, at ** 2 & 4 (M.D.N.C. June 10, 2021). Courts in the Fourth Circuit have held that grounds for reconsideration include, among other things, the need to correct a clear error of law or prevent manifest injustice, *e.g., Gunter*, 2021 WL 2377130 at *2-4; inadvertence, *Louers*, 2011 WL 1067876 at *2; and "to promote the '[t]he ultimate responsibility of the federal courts, at all levels,' namely, 'to reach the correct judgment under law,'" *Gunter*, 2021 WL 2377130, at *4 (quoting *Am. Canoe*, 326 F.3d at 515). As set forth below, these grounds are met.

### B. The Court's Ruling On Request 22 Suggests A Narrowed Class Definition That Is Not Before the Court.

Fed. R. Civ. P. 23(c)(1)(B) requires that courts define a class in a certification order. Here, however, the Order resolving the discovery dispute (perhaps inadvertently) has the effect of possibly narrowing the class to exclude patients who received lab tests other than the ones the named Plaintiffs received.

Courts usually avoid making such a determination in resolving a discovery motion. For instance, in *Gene and Gene, LLC v. Biopay, LLC*, 05-121-C-M3, 2006 WL 8451368 (M.D. La. August 2, 2006), the plaintiff's complaint asserted a class based on a

4

four-year statute of limitations period and the defendant argued the class should be based on a one-year statute of limitations. Although that issue was not resolved, the defendant moved for a protective order preventing discovery that related to a time period beyond one year. The court noted, "The problem, however, is that a resolution of this issue in the motion to compel would also have the practical result of tentatively defining the parameters of the class." *Id.* at 1. The court rejected the motion and ruled that the discovery at issue was relevant to the class as defined in the complaint. *Id.* at 1-2. *See also Jackson v. Sheriff of Cook County*, No. 06 C 0493, 2007 WL 9811363, at *3 (N.D. Ill. April 24, 2007) (acknowledging that redefining a class definition "involves infinitely more than discovery matters").

Here, the Order contains what is tantamount to a ruling on a class definition without Plaintiffs having an opportunity to present their case for class certification, including a class definition, in a class certification motion. Plaintiffs respectfully suggest that in this regard the Order includes an error of law worthy of reconsideration, and reconsideration would be in the interests of justice.

In addition, the narrowed class definition conflicts with Chief Judge Schroeder's ruling on Labcorp's Motion to Dismiss Plaintiffs' Amended Complaint and Strike Class Allegations. Docket Entry 55. Labcorp argued that given the multitude of lab tests that it offers, a class action involving all of its tests would be unwieldy:

> Plaintiffs' new theory of liability still requires the Court to examine
> thousands of tests, offered at different times in different places, to
> determine the supposed "fair market value" of each of those tests. In fact,
> the amended complaint makes class treatment even more unmanageable,

5

requiring the Court to parse the conduct of each class member and oversee third-party discovery of dozens of competitors' prices.

Docket Entry 46 at 1.

Plaintiffs opposed the motion to strike class action allegations on grounds, among others, that Labcorp patients who had different lab tests than Plaintiffs were charged, pursuant to a common practice by Labcorp, a list price (or, "chargemaster") that exceeded the reasonable market price for the same service. *See* Docket Entry 47 at 22-23 ("LabCorp's uniform business practice of concealing its chargemaster rates and not contracting with patients affects each Plaintiff and Class member in the same manner. LabCorp's practice prevented Plaintiffs and the Class from being capable of accepting or assenting to pay LabCorp's chargemaster rates; thus, no individual determination of mutual assent is necessary."). Plaintiffs further argued that they should be allowed to take discovery on class issues in anticipation of proposing in a class certification motion a plan for adjudication of the class claims:

> Even if a trial proceeded only with a selection of lab tests—*e.g.*, those that Plaintiffs were billed for or the twenty most common—such "test cases" could resolve the entire dispute by previewing liability as to LabCorp's other tests. *See* Manual for Complex Litigation Fourth, §21.5 (2004); *see also id.* at §22.315 (discussing test cases in mass tort context); *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993) (affirming conditional certification of eight common issues).
>
> Finally, the [Amended Complaint] proposes, subject to fact and expert discovery, uniform valuation theories for calculating reasonable values for LabCorp's tests. *E.g.* ¶¶84-87 (using actual payment amounts); ¶¶89-98 (using Medicare rates); ¶¶99-106 (using Medicaid rates); ¶¶109-10. Absent discovery, it is speculative to conclude that it is impracticable to establish reasonable rates for LabCorp's services.

*Id.* at 23-24.

Chief Judge Schroeder denied Labcorp's motion to strike class allegations, holding that any such order would be premature prior to the completion of class-related discovery and the determination of a motion for class certification. Opinion at 29-30, Docket Entry 55. Chief Judge Schroder stated:

> LabCorp does not explain why Plaintiffs should be required to enunciate a specific valuation theory in their initial pleadings — especially when Plaintiffs lack the data on which they intend to rely and have not had any opportunity for discovery. Moreover, Plaintiffs suggested at the hearing on the present motion that they may seek certification limited to what they contend would be a more manageable number of tests.

*Id.* Thus, Chief Judge Schroeder kept intact the full class definition alleged in the Amended Complaint consisting of "all LabCorp patients in the United States who, without any express contract with LabCorp that establishes the amount of fees to be paid to LabCorp, were charged fees for clinical lab testing services performed by LabCorp that were in excess of the reasonable market rates for the same services." Docket Entry 42 at ¶¶ 2 & 449.

Since Chief Judge Schroeder did not narrow the class, the disposition of the motion to compel should not either. The Court recognized that the PAMA data is relevant to a determination of reasonable prices for Labcorp's tests overall. In addition, producing the full PAMA data will enable Plaintiffs to decide whether to limit the tests on which to seek certification, or to use a subset of tests as a representative sample in its class certification motion. Plaintiffs note that since the data are already in electronic files ready to be produced it is not burdensome to do so. *See* Order at 10, Docket Entry 83 (data were submitted to CMS as a "relatively small" fourteen files and memorialized on

7

one or more spreadsheets). In fact, it is likely more burdensome for Labcorp to redact the electronic files than to produce them as a whole.

The June 28, 2021 Order also conflicts with black-letter law that named Plaintiffs may pursue class action relief not only on behalf of class members who have the exact same claim as themselves, but also those who have claims that arise out of the same common course and conspiracy. For example, in *Gratz v. Bollinger*, 539 U.S. 244, 267 (2003), the United States Supreme Court held in a case involving the University of Michigan's admission practices that a claimant could represent a class of plaintiffs where the claimant's claims implicate "the same set of concerns" rather than a "significantly different set of concerns." 539 U.S. at 267 & 265. *See also Bumgarner v. NCDOC*, 276 F.R.D. 452, 456 (E.D.N.C. 2011) (quoting *Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir.2006)) ("The Fourth Circuit has reiterated this proposition that the typicality requirement does not require that the 'plaintiff's claim and the claims of the class member be perfectly identical or perfectly aligned.'"));[2] *Haywood v. Barnes*, 109 F.R.D. 568, 577 (E.D.N.C. 1986) ("a class action will not be defeated solely because there are some factual variations among the members' grievances"). As noted above, whether Plaintiffs' claims that derive from certain lab tests arise out of the same set of concerns as class members' other claims should be decided on the class motion, on a full record, and not on a discovery motion.

---

[2] In *Bumgarner*, the court certified a class of 12,000 inmates for a claim that the Department of Corrections discriminated against them because of their disabilities, even though those disabilities varied. 276 F.R.D. at 457–58.

8

## CONCLUSION

Plaintiffs respectfully request that this Court reconsider and amend its June 28, 2021 Order and grant Plaintiffs the full relief requested with respect to Request for Production No. 22 – requiring that Labcorp produce in unredacted form its submission to CMS pursuant to PAMA – and not the limited relief ordered only with respect to the specific lab tests Labcorp conducted for the named Plaintiffs.

Respectfully submitted,

DATED: July 6, 2021

/s/ *Jonathan Sasser*
Jonathan D. Sasser
ELLIS & WINTERS LLP
4131 Parkdale Avenue, Ste. 400
Raleigh, NC 27612
Email: jon.sasser@elliswinters.com

Robert C. Finkel
WOLF POPPER LLP
845 Third Avenue 12th Floor
New York, NY 10022
Email: rfinkel@wolfpopper.com

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(d)

The undersigned hereby certifies that this brief complies with the word limit requirements of Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. In making this certification, the undersigned has relied upon the word-count feature of word-processing software.

/s/ *Jonathan D. Sasser*
Jonathan D. Sasser
N.C. State Bar No. 10028
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
jon.sasser@elliswinters.com