IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Case No. 1:17-cv-193-TDS-JLW

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>        Defendant. | |

### DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendant Laboratory Corporation of America Holdings ("Labcorp") hereby responds to Plaintiffs' Motion for Partial Reconsideration of the June 28, 2021 Order on Plaintiffs' Motion to Compel (Doc. 85). Plaintiffs' motion should be denied.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

Plaintiffs, through their Amended Class Action Complaint, assert claims against Labcorp for declaratory judgment and statutory violations. On April 28, 2021, Plaintiffs moved to compel production of Labcorp documents in response to two Requests for Production of Documents ("RFPs"):

> RFP No. 3: Agreements and negotiated rate schedules with Third-Party Payers that provide rates to be paid for lab services performed by LabCorp. Your response to this Request should include Documents and Communications sufficient to identify any formula or other method used to calculate payment rates for LabCorp' s lab services that LabCorp has agreed to with any Third-Party Payer.
>
> RFP No. 22: Documents collected for and submitted to CMS to comply with federal regulations concerning the Clinical Laboratory Fee Schedule.

(Doc. 77 at 3, 5.) On June 28, 2021, the Court entered an order on Plaintiffs' motion (the "Discovery Order"). (Doc. 74.)

With regard to RFP No. 3, the Discovery Order directs the production of agreements that were in place between Labcorp and Plaintiffs' insurance companies that were in effect at the time of the Plaintiffs' tests at issue in the litigation.

With regard to RFP No. 22, the Discovery Order directs Labcorp to produce its submissions made to the Centers for Medicare and Medicaid Services ("CMS") as required by the Protecting Access to Medicare Act

2

("PAMA"), but permits Labcorp to redact pricing information pertaining to types of medical laboratory tests that were not conducted for any one or more of the Plaintiffs. (Discovery Order at 10.) The Court permitted Labcorp to redact such information for two primary reasons: (1) relevancy ("the Court agrees with Defendant that pricing information for types of medical laboratory tests that were not conducted for any Plaintiff are not relevant") and (2) proportionality ("with the limitation to tests actually received by Plaintiffs, the request is proportional with the needs of the case"). *Id.*

Plaintiffs' instant motion asks this Court to reconsider its Discovery Order with regard to RFP No. 22. According to Plaintiffs, they should be entitled to all underlying data submitted to CMS under PAMA without limitation, even for types of diagnostic medical testing that no Plaintiff ever received. Plaintiffs' motion should be denied.

## ARGUMENT

A court's reconsideration under Rule 54(b) of an interlocutory order is limited in scope. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

> This is because, while Rule 54(b) gives a district court discretion to revisit earlier rulings in the same case, such discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.

3

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation and citation omitted). The Fourth Circuit has recently clarified the standard applicable to Rule 54(b) motions for reconsideration, holding that a court has discretion to revise an interlocutory order only upon (1) the introduction of substantially different evidence, (2) a change in applicable law, or (3) clear error causing manifest injustice. *Id.* Plaintiffs' motion appears to be singularly predicated on the third prong.

Clear error and manifest injustice are two distinct and separate elements of this prong, both of which should be met for reconsideration of an interlocutory order. *See Gunter v. S. Health Partners, Inc.*, No. 1:16CV262, 2021 WL 2377130, at *2 (M.D.N.C. June 10, 2021); *see also TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (holding that movant provided "insufficient basis for us to find clear error *or* manifest injustice in this court's earlier holding") (emphasis added). Moreover, the movant must demonstrate more than just a trifling error to warrant revision of the order:

> As we have noted on more than one occasion, [a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong.

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018) (internal quotation marks omitted).

As a preliminary matter, Plaintiffs' motion does not even try to meet this legal standard. While Plaintiffs go to great lengths to suggest that the Court *may* have erred, they argue neither that the permission to redact constitutes *clear error* nor that it results in any *manifest injustice*. In fact, Plaintiffs' assignment of error is that the Discovery Order somehow "*suggests* … a narrowed class definition," that it "*may have* … inadvertently narrowed the class definition…," that "Plaintiffs are *concerned* that … [the Discovery Order] *could be read* as prematurely narrowing the class definition," and that the Discovery Order "has the effect of *possibly* narrowing the class…." (Doc. 86 at 1–4 (emphasis added).) Such equivocating descriptions are, of course, insufficient to demonstrate "clear error causing manifest injustice."

In any event, the Discovery Order does not have the effect that Plaintiffs suggest it might. Nothing about the Discovery Order is "tantamount to a ruling on a class definition," as Plaintiffs state. The Discovery Order neither purports to, nor has the effect of, defining or limiting any class.[1] Nor could it. Plaintiffs have not moved for class certification and, accordingly, the issue of any putative class definition is not—and has never been—before the Court.

---

[1] Though Plaintiffs insinuate otherwise, the same is true of Chief Judge Schroeder's August 16, 2019 Order, which neither "kept intact the full class definition" nor avoided "narrow[ing] the class" as they suggest in their briefing.

Contrary to Plaintiffs' characterization, the Discovery Order is precisely what it purports to be: an order deciding a discovery dispute by balancing the needs of the party seeking discovery with the proportionality requirements of Rule 26. In that light, Plaintiffs' new demand for *all* PAMA data—without any limitation as to test type—is diametrically opposed to their representations to the Court in earlier proceedings. In response to arguments previously raised by Labcorp that this case would be too unwieldy given the sheer volume of tests at issue (both in terms of test types and accession quantities), Plaintiffs represented to the Court:

> [t]his action involves a ***finite number of lab tests***, each of which is requested pursuant to a physician's prescription …. Even if a trial proceeded only with a selection of lab tests—*e.g.*, those that Plaintiffs were billed for or the twenty most common—such "test cases" could resolve the entire dispute by previewing liability as to LabCorp's other tests.

(DE 47 at 23) (emphasis added, footnotes and internal citations omitted.) Having already argued that the case could proceed on a much more limited basis, Plaintiffs should not now be heard to argue to the Court that they must have all PAMA data regardless of whether such data relates to a test received by an individual Plaintiff.

The Discovery Order is no "dead fish." In resolving a discovery dispute in a case in which a class has not been—and ultimately may not be—certified,

the Court logically determined that the discovery sought is relevant only to the extent it relates to one of the named Plaintiffs. The Discovery Order thus directs a production of documents that is consistent with what Plaintiffs themselves previously told the Court they needed. Plaintiffs ultimately fail to show how such an approach can constitute error, much less "clear error causing manifest injustice."

## CONCLUSION

For these reasons, Plaintiffs' motion for reconsideration should be denied in its entirety.

7

Case 1:17-cv-00193-TDS-JLW   Document 87   Filed 07/20/21   Page 7 of 10

Respectfully submitted this the 20th day of July, 2021.

/s/ Charles E. Raynal IV
Charles Raynal (N.C. Bar No. 32310)
Scott E. Bayzle (N.C. Bar No. 33811)
Adam C. Setzer (N.C. Bar No. 43194)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Phone: (919) 828-0564
Email: charlesraynal@parkerpoe.com
scottbayzle@parkerpoe.com
adamsetzer@parkerpoe.com

Heather M. O'Shea
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
Phone: (312) 782-3939
Email: hoshea@jonesday.comB.

Kurt Copper
Aaron M. Healey
JONES DAY
325 John H. McConnell Blvd.
Suite 600
Columbus, Ohio 43215-5017
Phone: (614) 469-3939
Email: bkcopper@jonesday.com
Email: ahealey@jonesday.com

*Attorneys for Defendant Laboratory Corporation of America Holdings*

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation provided in Local Rule 7.3(d). The foregoing brief contain 1,310 words in Century Schoolbook (13-point) proportional type. The word processing software used to prepare this brief was Microsoft Word – Microsoft Office 365 Proplus.

/s/ Charles E. Raynal, IV
Charles E. Raynal IV (N.C. Bar No. 32310)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Phone: (919) 828-0564
Email: charlesraynal@parkerpoe.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

>Jonathan Drew Sasser
>ELLIS & WINTERS, LLP
>4131 Parkdale Avenue, Ste. 400
>Raleigh, NC 27612
>Email: jon.sasser@elliswinters.com
>
>Robert C. Finkel
>WOLF POPPER LLP
>845 Third Avenue 12th Floor
>New York, NY 10022
>Email: rfinkel@wolfpopper.com

This the 20th day of July, 2021.

>/s/ Charles E. Raynal IV
>Charles E. Raynal, IV (N.C. Bar No. 32310)
>Parker Poe Adams & Bernstein LLP
>301 Fayetteville Street, Suite 1400
>Raleigh, North Carolina 27601
>Phone: (919) 828-0564
>Email: charlesraynal@parkerpoe.com