# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendant. | Case No. 1:17-cv-193-TDS-JLW <br><br> **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO RECONSIDER THE JUNE 28, 2021 ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

## PRELIMINARY STATEMENT

Defendant Laboratory Corporation of America Holdings's ("Labcorp") Response to Plaintiffs' Motion for Reconsideration ("Response") (Docket Entry 87) fails for two reasons. First, Labcorp misstates the legal standard applicable to motions for reconsideration under Rule 54. Second, the Court's June 28, 2021 Order on Plaintiffs' Motion to Compel Discovery (the "Order") (Docket Entry 83), as entered with respect to RFP 22, incorrectly limits the scope of discovery and the contours of the putative Class (as defined in the Amended Complaint) *before* Plaintiffs have had a full and fair opportunity to take discovery on class related issues.

1

The Class is defined in the Amended Complaint to include "all LabCorp patients … who were charged fees … in excess of the reasonable market rates." (Docket Entry 42 at ¶2.) Plaintiffs' discovery requests, including RFP 22, seek documents that are relevant to the entire class, regardless of the type of test because Plaintiffs allege (pre-discovery) that all of Labcorp's Patient List Prices are excessive and unreasonable. However, the Court's Order, by narrowing class discovery to exclude the PAMA data "for types of medical laboratory tests that were not conducted for any Plaintiff" (Docket Entry 83 at 10) restricts Plaintiffs' ability to identify those lab tests that are most representative of the Class. Respectfully, this limitation on Plaintiffs' discovery request was clear error and will result in a manifest injustice to Plaintiffs and the Class.

## ARGUMENT

### I.  LABCORP MISSTATES THE APPLICABLE STANDARD.

Labcorp fails to acknowledge that while Fed. R. Civ. P. 59(e) standards are looked to in deciding a Fed. R. Civ. P. 54(b) motion, "these standards are not applied with the same strictness as when they are used under Rule 59(e)." *Mobley v. City of Greensboro Police Dep't*, 1:17-cv-114, 2018 WL 6110997, at *2 (M.D.N.C. Nov. 21, 2018 (Schroeder, J.); *see Plaintiffs' Brief In Support Of Partial Reconsideration* (Docket Entry 86), pp. 3-4. As this Court stated in *Mobley*, decided after *U.S. Tobacco Coop, Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (cited by Labcorp), "While the court's authority to reconsider interlocutory orders 'may be tempered at times by concerns of finality and judicial economy,' '[t]he ultimate responsibility of the federal courts ... is to reach the correct judgment under law.'" *Id.* (quoting *Am. Canoe Ass'n v.*

2

Case 1:17-cv-00193-TDS-JLW   Document 89   Filed 07/27/21   Page 2 of 7

*Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).[1] In another case decided after *U.S. Tobacco Coop.*, this case stated, "Courts apply the test from a Rule 59(e) motion when amending an interlocutory order, but the elements are not applied with the same force "because '[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment…'" *Gunter v. S. Health Partners, Inc.*, No. 1:16CV262, 2021 WL 2377130, at *2 (M.D.N.C. June 10, 2021) (cites omitted).

## II. NARROWING THE CLASS WOULD BE A CLEAR ERROR OF LAW AND CAUSE A MANIFEST INJUSTICE.

Labcorp suggests that Plaintiffs are unsure as to whether narrowing the class definition in a motion to compel would be a clear error of law that would cause a manifest injustice. That is not the case – narrowing the class definition would be a clear error of law and would cause a manifest injustice, as shown in Plaintiffs' opening brief. What Plaintiffs are candidly unsure of is whether the Court *inadvertently* narrowed the class definition. Regardless, reconsideration is appropriate because the Order decided the class's scope by implication. *See Sejman v. Warner-Lambert Co, Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (*citing Copra, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir. 1978)); *see also, Career Counseling, Inc. v. Amerifactors Financial Group, LLC*, 16-CV-03013, 2021 WL 1345627 *5, (D.S.C. Apr. 12, 2021) (finding a prior order limiting

---

[1] At the time it issued the *Mobley* decision, this Court was aware of, and cited to *U.S. Tobacco*. *Mobley* 2018 WL 6110997, at *2.

3

discovery of "substantive information regarding at least forty-five (45) per cent of the proposed class" would result in a manifest injustice).[2]

Labcorp also suggests that Plaintiffs have always intended for the Class to be certified on only a limited number of tests. *See Id.* at 6 (*citing* Docket Entry 47). Thus, according to Labcorp, the Order has no further "effect of, defining or limiting any class…" (Docket Entry 87 at 5) and reconsideration is not warranted. However, Plaintiffs have *not* always intended for a Class to be certified on a limited number of tests. The Amended Complaint defined the Class as "all LabCorp patients in the United States who, without any express contract with LabCorp…"[3]

### III. THE ORDER IMPEDES PLAINTIFFS' DISCOVERY OF CLASS ISSUES.

Further, allowing redaction of the PAMA data is a clear error of law and manifestly unjust because it deprives Plaintiffs of the ability to take class discovery. As previously stated, Plaintiffs filed their claim on behalf of a Class defined in the Amended Complaint as *all* LabCorp patients in the United States who, without any express contract

---

[2] Though the issue is not before the Court in the instant motion, Plaintiffs note that Labcorp's Statement of the Case and Factual Background section omits an essential part of the Order with respect to RFP No. 3. Labcorp states that the Order directs the production of "agreements that were in place between LabCorp and Plaintiffs' insurance companies that were in effect at the time of the Plaintiffs' tests at issue in the litigation." *See* Def.'s Resp. at 2 (Docket Entry 87). However, the Order directed that production as well as any earlier agreements and negotiated rates schedules incorporated by reference into those agreements. *See* Order at 3–8.

[3] The portion of Plaintiffs' Opposition cited by Labcorp does not in any way limit Plaintiffs' class definition. It is a hypothetical situation in which Plaintiffs indicated that, after reviewing a broad range of data in class discovery, Plaintiffs would be in a better position to determine whether a sampling of LabCorp's tests would be sufficient to establish liability for all of its tests.

4

with LabCorp, were charged fees in excess of reasonable market rates. And as also previously stated, Chief Judge Schroeder sustained the proposed class Plaintiffs' Amended Complaint over Labcorp's attempts to strike the class allegations.

Plaintiffs need the full, unredacted PAMA data to properly analyze Labcorp's Patient List Prices and determine whether and to what extent Plaintiffs can use the data to narrow the Class. For instance, the data establishes which tests Labcorp performs most frequently, which may be the basis of defining the Class. And, the data shows the rates Labcorp most commonly accepts as payment for more than 1,000 of its lab tests, and Plaintiffs might compare that information to Patient List prices to help determine which tests will be at issue.

Plaintiffs' comparison of the data to the Patient List prices may also address the concerns Chief Judge Schroeder expressed about manageability during the hearing on Labcorp's Motion to Dismiss the Amended Complaint and Strike the Class Allegations. MTD Hr'g Tr. 48-49, Dec. 19, 2017.

In accordance with the Order, Labcorp produced the redacted PAMA data. Counsel for Plaintiffs have examined the redacted data and concluded that because of the limitation on the data, Plaintiffs will be prejudiced in attempting to certify a class that includes patients who did not take the tests given to the named Plaintiffs.

This Court's Order, by narrowing class discovery to exclude PAMA data "for types of medical laboratory tests that were not conducted for any Plaintiff" (Docket Entry 83 at 10) improperly restricts Plaintiffs' ability to identify those lab tests that are most

5

Case 1:17-cv-00193-TDS-JLW   Document 89   Filed 07/27/21   Page 5 of 7

representative of the universe of lab tests in order to either narrow the Class definition or propose test cases.

## CONCLUSION

For the foregoing reasons and those stated in the motion, the Court should grant Plaintiffs' Motion for Reconsideration, amend the Order and grant Plaintiffs full relief with respect to RFP 22—requiring that LabCorp produce in unredacted form its submission to CMS pursuant to PAMA—and not the limited relief ordered only with respect to the specific lab tests Labcorp conducted for the named Plaintiffs.

This is the 27th day of July, 2021.

                                                ELLIS & WINTERS LLP

                                                /s/ Jonathan D. Sasser
                                                Jonathan Drew Sasser
                                                N.C. State Bar No. 10028
                                                P.O. Box 33550
                                                Raleigh, NC 27636
                                                Telephone Number: (919) 865-7000
                                                Facsimile Number: (919) 865-7010
                                                Email: jon.sasser@elliswinters.com

                                                Robert C. Finkel
                                                WOLF POPPER LLP
                                                845 Third Avenue 12th Floor
                                                New York, NY 10022
                                                Email: rfinkel@wolfpopper.com
                                                Telephone Number: (212) 759-4620
                                                Facsimile Number: (212) 486

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(d)

The undersigned hereby certifies that this brief complies with the word limit requirements of Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. In making this certification, the undersigned has relied upon the word-count feature of word-processing software.

/s/ Jonathan D. Sasser
Jonathan Drew Sasser
N.C. State Bar No. 10028
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
Email: jon.sasser@elliswinters.com

7

Case 1:17-cv-00193-TDS-JLW   Document 89   Filed 07/27/21   Page 7 of 7