IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Case No. 1:17-cv-193-TDS-JLW

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXTEND FILING DATE OF CLASS CERTIFICATION MOTION

Undersigned counsel for Labcorp rarely—if ever—files an opposition to a request for an extension of time. Indeed, in this case, Labcorp has previously consented to and/or not opposed a series of extension requests by Plaintiffs pertaining to their anticipated motion for class certification. Plaintiffs' latest motion, however, is different and the statements contained therein necessitate a brief response.

PPAB 6465285v1

As an initial matter, the relief requested by Plaintiffs in their instant motion—namely, a 21-day extension of time—is not the request that Plaintiffs made when they asked for Labcorp's position. Rather, Plaintiffs informed Labcorp that they intended to seek an order directing the parties to meet-and-confer within five days of the final decision on the Motion for Reconsideration—a date uncertain—at which time the parties would then negotiate an entirely new briefing schedule. Plaintiffs provided a proposed motion for Labcorp's consideration, and Labcorp informed Plaintiffs that it could not consent to such an indefinite, unworkable arrangement.[1]

The fact that Plaintiffs purport to represent Labcorp's position about a 21-day extension request (one that Labcorp did not have an opportunity to consider) is troubling. It also contravenes the Local Rules of this Court. Counsel are required to engage in a meaningful "consultation" prior to filing an extension request. Local Rule 6.1(a). Contrary to the representations in Plaintiffs' motion, Plaintiffs did not do so with regard to the extension they now seek. For this reason alone, Plaintiffs' motion should be denied.

---

[1] Moments before Plaintiffs filed the instant motion, Plaintiffs' counsel informed Labcorp's counsel that they were in the process of filing a different motion seeking different relief. Labcorp did not have an opportunity to consider the new request before Plaintiffs filed their motion.

In addition, the basis for Plaintiffs' motion largely consists of the same arguments made in their previously-filed Motion for Reconsideration (Doc. 85). For the reasons set forth in Labcorp's brief in opposition to that motion (Doc. 87), Plaintiffs' arguments are unavailing and that motion as well as the instant motion for a further extension of their deadline for filing a motion for class certification should be denied. Plaintiffs further argue that they have not had "an opportunity to review the PAMA data with their experts, even in redacted form" (Doc. 88 at ¶3). This argument is equally unavailing as the Court was well aware of the time between Labcorp's production deadline and Plaintiffs' class certification motion deadline when it entered its June 28, 2021 order.

Indeed, Plaintiffs fail to mention that the Court already considered, and denied, a similar extension request by them just 28 days ago. Specifically, on July 1, 2021—*after* the Court issued its June 28, 2021 Order concerning the production of PAMA data and insurance contracts (which is the sole basis for their instant motion)—Plaintiffs sought to extend the class motion deadline to thirty days after Labcorp made its supplemental production. (Doc. 84). As in the instant motion, Plaintiffs argued that they would "need time to review the … production from Defendant … prior to filing their Motion for Class Certification and serving their expert reports." (Doc. 84 at ¶ 4). The Court responded to that argument by setting Plaintiffs' motion deadline as August 5,

2021. (Text Order dated July 6, 2021). Plaintiffs identify no change in circumstances to warrant a different outcome now. In fact, the only thing that has changed is the fact that Labcorp produced the PAMA data/insurance contracts *early* (before the deadline set out in the Court's June 28, 2021 Order).

Labcorp further objects to Plaintiffs' mischaracterization of its July 26, 2021 document production. As Plaintiffs themselves acknowledge, Labcorp made this production *prior* to the Court-ordered production deadline. More importantly, and contrary to Plaintiffs' unsupported "first blush" impressions, Labcorp's production is complete. Plaintiffs' counsel have certainly not communicated with undersigned counsel about any purported concerns with the production.

Plaintiffs filed this action against Labcorp more than four years ago. Labcorp has produced over a half a million pages in written discovery and has presented numerous employees for depositions over the course of two years. Labcorp has consented to and/or not opposed multiple previous extension requests by Plaintiffs, and Plaintiffs have had more than ample time and opportunity to conduct discovery and develop their arguments.

Respectfully submitted, this the 28th day of July, 2021.

/s/ Scott E. Bayzle
Charles Raynal (N.C. Bar No. 32310)
Scott E. Bayzle (N.C. Bar No. 33811)
Adam C. Setzer (N.C. Bar No. 43194)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Phone: (919) 828-0564
Email: charlesraynal@parkerpoe.com
      scottbayzle@parkerpoe.com
      adamsetzer@parkerpoe.com

Heather M. O'Shea
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
Phone: (312) 782-3939
Email: hoshea@jonesday.com

B. Kurt Copper
Aaron M. Healey
JONES DAY
325 John H. McConnell Blvd.
Suite 600
Columbus, Ohio 43215-5017
Phone: (614) 469-3939
Email: bkcopper@jonesday.com
Email: ahealey@jonesday.com

*Attorneys for Defendant Laboratory Corporation of America Holdings*

PPAB 6465285v1    5

Case 1:17-cv-00193-TDS-JLW   Document 90   Filed 07/28/21   Page 5 of 6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

>Jonathan Drew Sasser
>ELLIS & WINTERS, LLP
>4131 Parkdale Avenue, Ste. 400
>Raleigh, NC 27612
>Email: jon.sasser@elliswinters.com
>
>Robert C. Finkel
>WOLF POPPER LLP
>845 Third Avenue 12th Floor
>New York, NY 10022
>Email: rfinkel@wolfpopper.com

This the 28th day of July, 2021.

>/s/ Scott E. Bayzle
>Scott E. Bayzle (N.C. Bar No. 33811)
>Parker Poe Adams & Bernstein LLP
>301 Fayetteville Street, Suite 1400
>Raleigh, North Carolina 27601
>Phone: (919) 828-0564
>Email: scottbayzle@parkerpoe.com