IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHERYL ANDERSON, MARY )
CARTER, TENA DAVIDSON, )
ROBERT HUFFSTUTLER, RAMZI )
KHAZEN, CHAIM MARCUS, LILY )
MARTYN, JONAH MCCAY, HOLDEN )
SHERIFF, VICTORIA SMITH, )
MICHELLE SULLIVAN, SHONTELLE )
TOMAS, JOSEPH WATSON, AND )
MICHAEL WILSON, individually and )
on behalf of all others similarly situated, )
             )
     Plaintiffs, )
             )
   v.         )   1:17CV193
             )
LABORATORY CORPORATION )
OF AMERICA HOLDINGS, )
             )
     Defendant. )

## ORDER

This matter is before the Court upon Plaintiffs' motion for reconsideration (Docket Entry 85) of the Court's June 28, 2021, Order on Plaintiff's motion to compel (Docket Entry 83). For the reasons stated herein, the Court will deny Plaintiffs' motion.

## I. BACKGROUND

Pursuant to the Parties' Joint Rule 26(f) Report, discovery in this matter began on December 2, 2019. (Docket Entries 59, 60.) Plaintiffs served their first set of requests for production of documents on December 18, 2019. (Docket Entry 75 at 2.)[1] Defendant

---

[1] All citations in this Order refer to the page numbers that appear at the bottom right-hand corner of each litigation document as it appears in the Court's CM/ECF system.

1

Laboratory Corporation of America Holdings ("LabCorp") served its objections to Plaintiffs' requests on February 28, 2020. (Docket Entry 75-1.) The parties engaged in numerous discovery conferences in attempts to resolve disputes regarding these requests. (*See generally* Docket Entry 75.) However, relevant to the foregoing motion, Defendant refused to produce the filing that it had submitted to the federal Centers for Medicare and Medicaid Services pursuant to the Protecting Access to Medicare Act ("PAMA"), which Plaintiffs had sought pursuant to their Request for Production No. 22. (*Id.* at 4.) As a result, Plaintiffs filed a motion to compel seeking, among other documents, Defendant's PAMA filing. (*See generally* Docket Entries 74, 75.)

After considering the parties' arguments on Plaintiffs' motion to compel and applying Federal Rule of Civil Procedure 26, the Court determined that the PAMA filing was generally relevant to Plaintiffs' action but that permitting Defendant to redact certain portions of the filing would be proportional to the needs of the case. (*See* Docket Entry 83 at 8-10.) Specifically, the Court permitted Defendants to redact information relating to laboratory tests not obtained by the named Plaintiffs. (*Id.*) In response, Plaintiffs filed the foregoing motion, seeking reconsideration of the Court's June 28, 2021 Order ("the Discovery Order") as to the PAMA filing. (Docket Entry 85.) Defendant has filed a response in opposition to Plaintiffs' motion, and Plaintiffs have filed a reply. (Docket Entries 87, 89.) The matter came before the undersigned for a telephone hearing on August 10, 2021. (*See* Minute Entry dated 08/10/2021.)

2

Case 1:17-cv-00193-TDS-JLW   Document 95   Filed 08/13/21   Page 2 of 6

## II. DISCUSSION

Plaintiffs bring their motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). (*See* Docket Entry 86 at 3-4.) Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In other words, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Nevertheless, the discretion afforded by Rule 54(b) is not limitless, and [the Fourth Circuit has] cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (internal quotations omitted). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (internal quotations omitted).

Here, Plaintiffs argue that the Discovery Order permitting Defendants to redact their PAMA filing constitutes clear error causing manifest injustice. (Docket Entry 86 at 5; Docket Entry 89 at 3-4.) Specifically, Plaintiffs contend that the Discovery Order errs to the extent that it "contains what is tantamount to a ruling on a class definition without Plaintiffs having an opportunity to present their case for class certification, including a class definition, in a class certification motion." (Docket Entry 86 at 5.) Plaintiffs further contend that the

3

Discovery Order conflicts with the Court's prior ruling on Defendant's motion to strike class allegations. (*Id.* at 5-7.) In that ruling, Judge Schroeder "denied [Defendant's] motion to strike class allegations, holding that any such order would be premature prior to the completion of class-related discovery and the determination of a motion for class certification." (*Id.* (citing Docket Entry 55 at 29-30).) In response, Defendant argues that the Discovery Order does not constitute clear error because it "does not have the effect that Plaintiffs suggest it might . . . . [The Discovery Order] neither purports to, nor has the effect of, defining or limiting any class," nor could it because Plaintiffs have not yet moved for class certification.[2] (Docket Entry 87 at 5.)

The Court does not find reconsideration of its Discovery Order warranted under the circumstances because what Plaintiffs have identified as "clear error causing manifest injustice" appears to be merely a disagreement over how the Court balanced relevance and proportionality pursuant to Federal Rule of Civil Procedure 26 when considering Plaintiff's motion to compel production of Defendant's PAMA filing. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (holding that plaintiffs' "mere disagreement" with how the district court applied a legal standard does not support a motion for reconsideration); *U.S. Tobacco Coop.,* 899 F.3d at 258 ("[A] prior decision does not qualify for [the manifest injustice] exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong."); *see also Crawford-El v.*

---

[2] Plaintiffs have been granted two extensions of time in which to file their motion for class certification. (*See* Docket Entries 82, 88; *see also* Text Orders dated 06/08/2021 and 08/03/2021.) Plaintiffs motion for class certification is now due on August 26, 2021. (Text Order dated 08/03/2021.)

*Britton,* 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

The undersigned disagrees that the Discovery Order "is tantamount to a ruling on a class definition." (Docket Entry 86 at 5.) Applying the rules governing discovery, the Discovery Order did not place any limitations on Plaintiffs' ability to inquire via depositions or other discovery requests into the prices charged by Defendant for laboratory tests not obtained by the named Plaintiffs. Furthermore, the primary case that Plaintiffs cite for the proposition that "[c]ourts usually avoid making [a determination on the parameters of a class] in resolving a discovery motion" (Docket Entry 86 at 4) acknowledges that while a discovery order may "have the practical result of tentatively defining the parameters of the class," such definition is only "tentative because the presiding judge is in no way bound by the resolution in the motion to compel." *Gene & Gene, LLC v. Biopay, LLC*, No. CV 05-121-C-M3, 2006 WL 8451368, at *1 (M.D. La. Aug. 2, 2006). To the extent that Plaintiffs seek "further guidance from the Court . . . that the Court did not intend to narrow the class definition" in permitting redaction of Defendant's PAMA filing (Docket Entry 88 at 3), the Court clarifies that going forward the Discovery Order should not be interpreted as limiting the putative class to individuals who obtained the same laboratory tests as the named Plaintiffs. Plaintiffs may put forth as broad a class definition as they so choose in their upcoming motion for class certification, and in considering that motion, the Court may grant as broad a class definition as it deems appropriate considering the applicable law and the facts of this case.

Nor does the undersigned find that the Discovery Order is at odds with Judge Schroeder's prior ruling on Defendant's motion to strike class allegations. The effect of Judge

5

Schroeder's Order was to permit Plaintiffs to engage in broad discovery to develop a formula for the market rate of laboratory tests, which Plaintiffs have had the opportunity to do. (*See* Docket Entry 55 at 25-31.) The parties have engaged in many months of discovery. (*See* Docket Entries 59, 60 (Rule 26(f) Report commencing discovery on December 2, 2019).) According to the representations of Defendant's counsel at the hearing, Plaintiffs have obtained approximately 500,000 pages of documents from LabCorp and have conducted ten days of depositions. The undersigned is not persuaded that Plaintiffs' partial access to a single filing in the context of such fulsome discovery constitutes a manifest injustice that will deny Plaintiffs the opportunity to present their motion for class certification or otherwise deny relief to putative class members.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Docket Entry 85) is **DENIED.**

_____
Joe L. Webster
United States Magistrate Judge

August 13, 2021
Durham, North Carolina

6

Case 1:17-cv-00193-TDS-JLW   Document 95   Filed 08/13/21   Page 6 of 6