UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:17-cv-193-TDS-JLW

| | |
|---|---|
| SHERYL ANDERSON, MARY CARTER, TENA DAVIDSON, ROBERT HUFFSTUTLER, RAMZI KHAZEN, CHAIM MARCUS, LILY MARTYN, JONAH MCCAY, HOLDEN SHERIFF, VICTORIA SMITH, MICHELLE SULLIVAN, SHONTELLE THOMAS, JOSEPH WATSON, and MICHAEL WILSON, individually and on behalf of a class of persons similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>        Defendant. | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD ON MOTION FOR CLASS CERTIFICATION** |

    Plaintiffs Sheryl Anderson, et al. ("Plaintiffs"), individually and on behalf of all others similarly situated, request the Court to consider additional evidence that was not made available by Defendant to Plaintiffs prior to the briefing and oral argument on Plaintiffs' pending Motion for Class Certification.

    In their Motion for Class Certification pending before the Court, Plaintiffs seek certification of a "Misleading Estimate Subclass" of Labcorp patients who were given misleading estimates of their financial responsibility.[1] The Misleading Estimate Subclass

---

[1] The "Misleading Estimate Subclass" is defined as "Labcorp patients who were provided a written statement describing potential charges not based on PLP, but were charged

encompasses both the credit card authorization ("CCA") form provided to Plaintiffs Carter and Marcus and the Patient Acknowledgement form provided to Plaintiffs Nolan and Wittenberg. *See* Dkt. 111 at 31 (Opening Class Br.) and Dkt. 199 at 14–15 (Reply Class Br.).

Plaintiffs asserted that the CCA and the Patient Acknowledgement forms are materially misleading because they do not disclose the PLP(s) that patients are charged if their insurance does not cover their tests. Dkt. 111 at 31; Dkt. 199 at 11.

In its Opposition to Plaintiffs' Motion and at the hearing on November 8, 2022, Labcorp represented that claims based on the CCA form were moot because Labcorp no longer uses the CCA. *See* Def. Br. at 21 ("Labcorp is unaware of an administratively feasible way to identify patients who received a credit card authorization (which has not been used for years) or a Patient Estimate . . . ."); November 8, 2022 Hrn'g. Tr. 71:4-7 ("This form here [the CCA] is not still used. . . . [it] would cover . . . the 2015 to about the 2018 time frame."), 74:3-11 ("the procedure now is with the patient estimate and the patient estimate form, which was not at issue in this case and came about later[.]"); Def. Br. at 8 ("For insured patients, the relevant PSC procedures vary and have changed over time. In 2016 and 2017 (when Plaintiffs had their tests), Labcorp used a credit card authorization process under which, with some exceptions, insured patients were told the PLP prior to testing and informed that they could be billed the PLP if coverage was denied.").

---

based on PLP in excess of the reasonable market rate for the clinical lab testing services Labcorp." Dkt. 111 at 19–20 (Opening Class Br).

Following the hearing, Plaintiffs learned—contrary to Labcorp's representations—that the CCA form is still in use. Specifically, Plaintiffs were contacted by Jeffrey Frist, a resident of Seattle, Washington. On November 28, 2022, Mr. Frist was presented with a CCA form at a Labcorp PSC, and was required to provide a credit or debit card to cover anticipated out-of-pocket costs of testing. The form did not list the test prescribed to him by his doctor and stated that Frist's insurance company would be billed for the test and any remaining amount up to $73.00 would be charged to his credit card. Contemporaneously with this Motion, Plaintiffs have filed the Affidavit of Jeffrey Frist, averring the same. The CCA form he was presented is attached thereto as Ex. A. Both documents are attached as Ex. 1 to the instant motion.

The document Labcorp presented to Mr. Frist is exactly the same document that Labcorp required that Plaintiffs Marcus and Carter sign. Clearly, Marcus and Carter's claims are not moot. In that Labcorp still uses its deceptive CCA, there is an ongoing violation of law that can be addressed by the Court. Therefore, Plaintiffs believe good cause exists to supplement the evidence in support of their Motion, to include the Affidavit of Jeffrey Frist and Ex. A.

Plaintiffs' counsel have informed Labcorp's counsel of their intent to file this motion, and have been informed that Defendant objects to the motion.

FOR THE FOREGOING REASONS, Plaintiffs respectfully move the Court to review and consider the Affidavit of Jeffrey Frist and Ex. A to that Affidavit in ruling upon Plaintiffs' Motion for Class Certification currently under advisement.

Respectfully submitted, this the 25th day of January, 2023.

/s/ *Jonathan D. Sasser*
Jonathan D. Sasser
N.C. State Bar No. 10028
Jeremy M. Falcone
N.C. State Bar No. 36182
ELLIS & WINTERS LLP
4131 Parklake Avenue, Ste. 400
Raleigh, NC 27612
Telephone: (919) 865-7000
jon.sasser@elliswinters.com
jeremy.falcone@elliswinters.com

Robert C. Finkel
David A. Nicholas
Matthew Insley-Pruitt
Timothy D. Brennan
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY 10022
rfinkel@wolfpopper.com

*Counsel for Plaintiffs*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d), this certifies that the foregoing brief contains fewer than 6,250 words (excluding the caption, signature block, this certificate, and the certificate of service that follows), as reported by counsel's word processing software.

This the 25th day of January, 2023.

                                                                            */s/ Jonathan D. Sasser*